## J. M. PATTERSON v. E. S. M. HALL ET AL.

Where a suit was for the recovery of personal property, and there was a verdict for the defendant and a judgment for costs only, it is not such a final judgment as will give the supreme court jurisdiction. (Paschal's Dig., Art. 1476, Note 572.)

APPEAL from Parker. The case was tried before Hon. JOHN J. GOOD, one of the district judges.

As the case turned upon the question of jurisdiction, the facts are unnecessary. The verdict was for the defendant, and the judgment was for costs, without further disposing of the case. (Paschal's Dig., Art. 1476, Note 572.)

No briefs have been furnished to the *Reporter.*

LINDSAY, J.—This is simply a judgment for costs against the appellant, upon the finding of the jury in favor of the appellees, without any judgment of the court making a final disposition of the cause. The appellant sued the appellees upon their covenant to deliver, or " to pay" to him certain specific property, to wit: a number of beef steers, of certain ages, at a particular place, on a particular day. An issue of fact was formed by the pleadings, (whether properly formed we need not now determine,) a jury trial had, and a verdict returned in favor of the defendants. Upon this verdict, without other notice of it in the record than its finding, a judgment was rendered against the plaintiff for costs. In the case of Warren v. Shuman, 5 Tex., 441, reaffirmed in numerous other cases, it was decided by this court, that a judgment for costs merely, without any order disposing of the subject-matter of the controversy, is not a final judgment; and an appeal, or writ of error, will not lie from it. If the district judge has committed an error to the prejudice of the appellant in this case, by failing to give a final judgment, from which, by appeal, he could have a revision in this court, it seems it is an injury without a remedy : for no bill of review lies in that court except where there is a judgment by publication; nor are there any such remedies provided by our statute as a writ of error *coram vobis,* or an *audita querela,* as are provided by the common law for the correction of its own errors by the court which originally tries the case. By our statutes, the remedies are either a new trial or amendments, upon motion, for errors apparent on the record, made at the trial term, or at some subsequent term before final judgment is entered. In this case there can be no doubt of the power of the court below, upon a proper motion, to enter a judgment, *nunc pro tunc,* making a final disposition of the cause in that court. And if the appellant should still feel himself aggrieved in not

xxx—30

having the conditions and terms of his covenant fulfilled in all its requirements, by getting the beef steers or their value, he may still seek a revision of the matter by this court. But as there is no final judgment yet rendered, the case must be dismissed from this court; which is

ORDERED ACCORDINGLY.