**Affirmed and Opinion filed June 12, 2014.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-13-00717-CV

---

### LISA MURDOCK SMALLEY, Appellant

### V.

### ERIC C. SMALLEY, INDEPENDENT ADMINISTRATOR OF THE ESTATE OF JOHN HUBERT SMALLEY, III, DECEASED, Appellee

---

**On Appeal from Probate Court No. 3**
**Harris County, Texas**
**Trial Court Cause No. 396,118-402**

---

## O P I N I O N

Appellant Lisa Murdock Smalley asks this court to set aside its previous opinion disposing of the issues in this case[1] due to the subsequent issuance of a purportedly controlling Supreme Court decision.[2]  In two issues, Lisa complains

---

[1] *Smalley v. Smalley*, 399 S.W.3d 631 (Tex. App.—Houston [14th Dist.] 2013, no pet.).

[2] *Hillman v. Maretta*, 133 S.Ct. 1943 (2013).

that the probate court dismissed her bill of review and writ of *audita querela* for lack of subject matter jurisdiction. We affirm.

## *Background*

John Hubert Smalley, III, Lisa's former husband, was a federal employee covered by the Federal Employees' Retirement System who participated in a Thrift Savings Plan.[3] *Smalley v. Smalley*, 399 S.W.3d 631, 634 (Tex. App.—Houston [14th Dist.] 2013, no pet.). John designated Lisa as the beneficiary of the Thrift Savings Plan and also designated her as the beneficiary of a number of savings bonds. *Id*. John and Lisa divorced in September 2008. *Id*. The parties' divorce decree incorporated a mediation agreement signed by the parties, in which Lisa agreed that John would be awarded the Thrift Savings Plan and the savings bonds. *Id*.

John died intestate in February 2010. *Id*. Thereafter, Lisa submitted a request for distribution of the funds from the Thrift Savings Plan, claiming to be the beneficiary. *Id*. The administrator of the Thrift Savings Plan distributed the proceeds to Lisa. *Id*. Lisa also obtained possession of the savings bonds. *Id*. at 635. Appellee Eric C. Smalley, in his capacity as independent administrator of John's estate, filed a petition in the probate court seeking to enforce the terms of John and Lisa's divorce decree as to the savings bonds and proceeds distributed from the Thrift Savings Plan. *Id*. Eric asked the trial court to order Lisa to deliver to Eric the savings bonds and the proceeds from the Thrift Savings Plan. *Id*.

The parties filed cross-motions for summary judgment. *Id*. Eric asserted that the agreed divorce decree operated as a waiver of all Lisa's rights to the savings bonds and the proceeds from the Thrift Savings Plan. *Id*. The trial court

---

[3] A Thrift Savings Plan is a type of retirement savings account for federal employees administered by the Federal Retirement Thrift Investment Board. *Smalley*, 399 S.W.3d at 634.

agreed, granted summary judgment in Eric's favor, and denied Lisa's motion for summary judgment. *Id*.

On appeal, we held that the portions of the divorce decree relating to the proceeds from the Thrift Savings Plan were not preempted by federal law requiring distribution of the proceeds to the designated beneficiary because Lisa contractually had waived her rights to those proceeds. *See id.* at 637-40. We similarly held that the portions of the divorce decree relating to the savings bonds were not preempted by federal law requiring enforcement of the designation of Lisa as the "payable on death" beneficiary because Lisa also contractually had waived her rights to the savings bonds. *See id*. at 640. We issued our opinion and judgment affirming the probate court's judgment on March 28, 2013. Lisa did not file a petition for review in the Texas Supreme Court. We issued our mandate on June 7, 2013, commanding the probate court to "recognize," "obey," and "execute" our judgment.

On June 10, Lisa filed an "Original Petition for Statutory Bill of Review, and, in the Alternative, Petition for Writ *Audita Querela*" (Petition), requesting the trial court to enjoin enforcement of the mandate and revise this court's judgment[4] on the ground that the Supreme Court's opinion *Hillman v. Maretta*, 133 S.Ct. 1943 (2013), issued June 3, is purportedly controlling with regard to the issues in this case.[5] Eric subsequently filed a motion to dismiss the Petition for lack of

---

[4] Lisa argues that she is attacking the probate court's judgment. As discussed below, she is actually attacking this court's judgment because when we affirmed the probate court's judgment, it became our judgment.

[5] Eric disputes that *Hillman* is controlling. At issue in that case was whether a Virginia statute was preempted by the Federal Employees' Group Life Insurance Act (FEGLIA), which establishes a life insurance program for federal employees. *Hillman*, 133 S.Ct. at 1947. The Virginia statute created a cause of action rendering a former spouse liable for insurance proceeds to the party who would have received them under applicable law but for the beneficiary designation. *Id*. FEGLIA, however, created a scheme giving priority to the designated

3

jurisdiction, which the trial court granted.[6]

## *Discussion*

In two issues, Lisa complains that the trial court erred in concluding it lacked jurisdiction over the Petition. As an initial matter, Lisa argues there was no basis in law for Eric to move to dismiss the Petition and thus the trial court should not have considered Eric's motion. However, Eric moved to dismiss the Petition on jurisdictional grounds, arguing the probate court only had jurisdiction to obey this court's mandate and comply with our judgment.

A motion to dismiss based on a lack of subject matter jurisdiction is the functional equivalent of a plea to the jurisdiction challenging the trial court's authority to determine the subject matter of a cause of action. *Lone Star Coll. Sys. v. Immigration Reform Coal. of Tex. (IRCOT)*, 418 S.W.3d 263, 267 (Tex. App.—Houston [14th Dist.] 2013, pet. filed). The purpose of a plea to the jurisdiction is to defeat a cause of action without regard to whether the claims asserted have merit. *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000). We therefore conclude that it was proper for the probate court to consider Eric's motion to dismiss because it challenged the trial court's subject matter jurisdiction.

Whether a trial court has subject matter jurisdiction is a question of law we review de novo. *City of Houston v. Williams*, 353 S.W.3d 128, 133 (Tex. 2011). We first look to the pleadings to determine if the pleader has alleged facts that

beneficiary and underscoring that "the employee's 'right' of designation 'cannot be waived or restricted.'" *Id*. at 1951-52. The Court held that FEGLIA preempted the Virginia statute. *Id*. at 1955. Eric argues *Hillman* would not govern this case even if it had been decided before our 2013 opinion because *Hillman* did not involve a contractual waiver of the former spouse's rights as a designated beneficiary to death benefits. However, we need not decide whether *Hillman* would have been controlling if it had been decided before we issued the 2013 opinion because Eric's motion to dismiss operated as a plea to the jurisdiction and we may not reach the merits of Lisa's claims. *See Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000).

[6] Eric also sought sanctions. The trial court denied that request.

4

affirmatively demonstrate the court's jurisdiction to hear the cause. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). We construe the pleadings liberally in favor of the plaintiff, look to the pleader's intent, and accept as true the factual allegations in the pleadings. *Id*. The allegations found in the pleadings may affirmatively demonstrate or negate the court's jurisdiction. *City of Waco v. Kirwan*, 298 S.W.3d 618, 622 (Tex. 2009). If the pleadings do neither, it is an issue of pleading sufficiency, and the plaintiff should be given an opportunity to amend the pleadings. *Id*.

## I.     No Jurisdiction Over Bill of Review

Lisa argues the trial court erred in dismissing the Petition because she timely filed a bill of review to have errors in the probate court's judgment "revised and corrected" under section 31 of the Probate Code. *See* Tex. Prob. Code § 31 (now codified in substantively similar language at Tex. Est. Code § 55.251).[7] Eric argues that the Petition is actually an attack on this court's judgment and mandate and the probate court lacked jurisdiction to set aside our judgment and disobey our mandate.

The jurisdiction of all Texas courts derives from the Texas Constitution and state statutes. *In re Allcat Claims Serv., L.P.*, 356 S.W.3d 455, 459-60 (Tex. 2011). Absent an express constitutional or statutory grant, a court lacks jurisdiction to decide any case. *Id*. Generally, a trial court may correct or revise its judgment only during the period of its plenary power,[8] which is within thirty days

---

[7] When Lisa filed the Petition, the Probate Code, which subsequently was recodified into the Estates Code, was still in effect. For purposes of this opinion, we cite the former sections of the Probate Code that were in effect at the time of the above-referenced proceedings. For a disposition table of where the relevant statutes are now codified, *see* Texas Estates Code Table 1, Disposition Table.

[8] *See Tex. Dep't of Ins., Div. of Workers' Comp. v. Albertson's Inc.*, No. 2-08-205-CV, 2009 WL 736694, at *1 n.2 (Tex. App.—Fort Worth Mar. 19, 2009, no pet.) (mem. op.).

after the judgment is signed unless a motion extending the trial court's plenary power has been filed. Tex. R. Civ. P. 329b(d). If no party to a judgment files a motion extending the trial court's plenary power, the trial court loses subject matter jurisdiction thirty days after the judgment is signed and thereafter has no power to set aside a judgment.[9] *In re Roberts*, No. 04-12-00160-CV, 2012 WL 2835204, at *3 (Tex. App.—San Antonio July 11, 2012, no pet.) (mem. op.) (citing Tex. R. Civ. P. 329b(f)). An exception to this rule applies to equitable bills of review for sufficient cause.[10] *Id.* Other exceptions may be created by statute. *See Allcat Claims Serv.*, 356 S.W.3d at 459-60 (noting jurisdiction may be created by statute).

Former section 31 of the Probate Code, applicable at the time the Petition was filed, provided for a statutory bill of review as follows, in relevant part:

> Any person interested may, by a bill of review filed in the court in which the probate proceedings were had, have any decision, order, or judgment rendered by the court, or by the judge thereof, revised and corrected on showing error therein; . . . and no bill of review shall be filed after two years have elapsed from the date of such decision, order, or judgment.

Tex. Prob. Code § 31. Accordingly, section 31 extends the trial court's ability to exercise jurisdiction to correct or revise errors in "any decision, order, or judgment rendered by the court" when an interested person files a bill of review in a timely

---

However, a court may correct a clerical error in a judgment at any time. Tex. R. Civ. P. 329b(f).

[9] Although a probate court's jurisdiction continues over the administration of an estate until the estate is disposed of, *see* Probate Code section 2(e), that continuing jurisdiction does not alter the court's plenary power over final judgments. *See Walker v. Traylor*, No. 01-09-01098-CV, 2011 WL 1758424, at *3 (Tex. App.—Houston [1st Dist.] May 5, 2011, no pet.) (mem. op.).

[10] Equitable bill of review plaintiffs generally must plead and prove a meritorious defense to the underlying cause of action that they were prevented from making by the fraud, accident or wrongful act of the opposing party or official mistake, unmixed with any fault or negligence on their own part. *Mabon Ltd. v. Afri-Carib Enters.*, 369 S.W.3d 809, 812 (Tex. 2012). Courts narrowly construe the grounds on which a plaintiff may obtain an equitable bill of review due to Texas's fundamental public policy favoring the finality of judgments. *Id.* Lisa's bill of review was filed pursuant to section 31 only and not on equitable grounds.

manner. We must construe section 31 to determine how broad its grant of jurisdiction extends.

In construing statutory language, our primary objective is to ascertain and give effect to the legislature's intent. *Molinet v. Kimbrell*, 356 S.W.3d 407, 411 (Tex. 2011); *LasikPlus of Tex., P.C. v. Mattioli*, 418 S.W.3d 210, 220 (Tex. App.—Houston [14th Dist.] 2013, no pet.). "Enforcing the law as written is a court's safest refuge in matters of statutory construction." *Entergy Gulf States, Inc. v. Summers*, 282 S.W.3d 433, 443 (Tex. 2009). The plain meaning of the text, given the context of the statute as a whole, provides the best expression of legislative intent. *Molinet*, 356 S.W.3d at 411; *LasikPlus*, 418 S.W.3d at 220. We presume that every word was deliberately chosen and that excluded words were intentionally excluded. *Harris Cnty. Sheriff's Civil Serv. Comm'n v. Guthrie*, 423 S.W.3d 523, 529 (Tex. App.—Houston [14th Dist.] 2014, pet. filed). Thus, when the text of the statute is clear and unambiguous, we apply the statute's words according to their plain and common meaning unless a contrary intention is apparent from the statute's context. *City of Houston v. Bates*, 406 S.W.3d 539, 543-44 (Tex. 2013).

The circumstances over which the trial court may exercise jurisdiction under section 31 are limited to those set out in the plain language of the statute. The jurisdictional grant in the statute does not encompass judgments entered by any court other than the one that rendered the judgment in the probate proceeding, i.e., "any . . . judgment rendered by *the* court . . . in which the probate proceedings were had." *See* Tex. Prob. Code § 31 (emphasis added). The word "the" in the statute refers to the particular court that presided over the probate proceedings. *See* The American Heritage Dictionary 1259 (2d coll. ed. 1991) (defining "the" as "denot[ing] particular, specified persons or things"). We conclude that section 31,

under its plain language, allows an interested person to file a bill of review asking a court presiding over probate proceedings[11] to correct or revise errors only *in its own judgment* (or decision or order) within two years after the date of the judgment.

In the Petition, Lisa asserted the probate court in its judgment erroneously awarded the savings bonds and the proceeds from the Thrift Savings Plan to the estate. In support of this argument, Lisa notes that we did not have the benefit of the *Hillman* case when we issued the 2013 opinion and that under the *Hillman* case, the proceeds belong to her. At the time we affirmed the probate court's judgment, it became this court's judgment. *See Crouch v. McGaw*, 134 Tex. 633, 637, 138 S.W.2d 94, 96 (1940) ("[T]he affirmance of the judgment of the trial court made it the judgment of this court."); *Hous. Oil Co. of Tex. v. Vill. Mills Co.*, 123 Tex. 253, 259, 71 S.W.2d 1087, 1089 (1934) ("[A]ffirmance of the trial court's judgment . . . ma[d]e that judgment the judgment of this court."). Once we issued the mandate, the trial court was bound to comply with our judgment. *See* Tex. R. App. P. 51.1(b); *see also Whitmire v. Greenridge Place Apartments*, 333 S.W.3d 255, 261 (Tex. App.—Houston [1st Dist.] 2010, pet. dism'd).

Because the bill of review assails our 2013 opinion, judgment, and mandate, we conclude Lisa improperly seeks to set aside our judgment and mandate under section 31. Section 31 authorized the probate court only to revise or correct its own judgment. Section 31 did not grant the probate court jurisdiction to set aside our judgment or disobey our mandate. Accordingly, the Petition affirmatively negates the probate court's jurisdiction over the bill of review.

---

[11] Under the Probate Code, depending on the circumstances, a county court, county court at law, probate court, or district court may exercise jurisdiction over probate proceedings. *See* Tex. Prob. Code §§ 3(g), 4A-4H.

## II.     No Jurisdiction Over Writ of *Audita Querela*

In her second issue, Lisa argues the probate court erred in dismissing Lisa's writ of *audita querela* for lack of jurisdiction. *Audita querela* is, or was, a "writ available to a judgment debtor who seeks a rehearing of a matter on grounds of newly discovered evidence or newly existing defenses." *McBride v. State*, 114 S.W.3d 556, 557 (Tex. App.—Austin 2002, no pet.) (citing Black's Law Dictionary 126 (7th ed. 1999)). As set forth above, once the trial court's plenary power expires, it no longer has subject matter jurisdiction except in limited circumstances. *See Roberts*, 2012 WL 2835204, at *3. The writ of *audita querela* is a direct attack on our judgment. Lisa has pointed to no law extending the probate court's jurisdiction to allow her to attack an appellate court's judgment through the vehicle of a writ of *audita querela* filed in the probate court, and we have found none.[12] *See Allcat Claims Serv.*, 356 S.W.3d at 459-60 (noting Texas courts lack subject matter jurisdiction without an express constitutional or statutory grant). We conclude the probate court did not have jurisdiction to set aside our

---

[12] Lisa has not cited and our research has not revealed any authority showing that the writ of *audita querela* would be available to her as a remedy under Texas law. We have found no civil cases in Texas where the writ was used. We have found only three references to the writ in the context of civil cases in Texas. In the first, the Texas Supreme Court, in 1877, noted that a motion to set aside the levy and sale of land had replaced "a proceeding of *audita querela*." *See Cook v. Sparks*, 47 Tex. 28, 33 (1877). The second case noted at common law an "*audita querela* was no supersedeas and did not stop execution" of a judgment in the absence of a bond. *See Heath v. Garrett*, 50 Tex. 264, 269 (1878). In the third case, the supreme court noted the writ is not available to correct a judgment for costs. *See Patterson v. Hall*, 30 Tex. 464, 465 (1867). The writ has been abolished in federal civil cases. Fed. R. Civ. P. 60(e); *see McBride*, 114 S.W.3d at 557. In the criminal context, sister courts have held that a criminal defendant may not collaterally attack a criminal conviction through a writ of *audita querela* because the proper mechanism to do so is by writ of *habeas corpus*. *See, e.g., Ex parte Mendenhall*, 209 S.W.3d 260, 261 (Tex. App.—Waco 2006, no pet.); *McBride*, 114 S.W.3d at 557. Similarly, in federal criminal cases, courts have expressed doubts about whether it survives as a post-conviction remedy. *McBride*, 114 S.W.3d at 557 (citing *United States v. Banda*, 1 F.3d 354, 356 (5th Cir. 1993) and *United States v. Reyes*, 945 F.2d 862, 865 (5th Cir. 1991)). However, we need not decide whether the writ is an available remedy under Texas law.

9

judgment and mandate through the writ of *audita querela*.

Because the Petition affirmatively negates the probate court's jurisdiction over the bill of review and writ of *audita querela*, we overrule Lisa's first and second issues and affirm the judgment of the trial court dismissing the Petition.[13]

/s/     Martha Hill Jamison
         Justice

Panel consists of Justices Christopher, Jamison, and McCally.

---

[13] Eric argues this action was frivolous and urges us to assess sanctions against Lisa under Texas Rule of Civil Procedure 13. We decline to do so. *See Glassman v. Goodfriend*, 347 S.W.3d 772, 782 (Tex. App.—Houston [14th Dist.] 2011, pet. denied) (en banc) ("[T]he decision to award [sanctions] is a matter within this court's discretion, which we exercise with prudence and caution after careful deliberation.").