**Affirmed and Memorandum Opinion filed April 23, 2015.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-14-00468-CV

---

### DEXTER EVANS, Appellant

### V.

### EDGAR LINARES AND CLAUDIA BONILLA, Appellees

---

**On Appeal from the County Civil Court at Law No. 1
Harris County, Texas
Trial Court Cause No. 1045345**

---

## M E M O R A N D U M   O P I N I O N

Appellant Dexter Evans appealed a judgment of eviction against him by the Justice Court, but failed to file an answer or appear for trial de novo in the County Court. The County Court accordingly granted a default judgment. In his appeal to this court, Evans makes various arguments challenging the default judgment, but his arguments are either waived or incorrect. We affirm.

## BACKGROUND

Appellees Edgar Linares and Claudia Bonilla filed a forcible-detainer action against Evans in the Justice Court of Harris County, Precinct One, Place One. The case was tried to a jury, and the jury found that appellees had the superior right to possession of the premises. Accordingly, the Justice Court signed a final judgment in favor of appellees.

Evans then appealed the judgment, which was assigned to the County Civil Court at Law Number One of Harris County for trial de novo.[1] On April 14, 2014, the County Court signed a default judgment against Evans, stating that neither Evans nor his attorney appeared for trial and that Evans did not file an answer. The County Court therefore dismissed Evans' appeal and affirmed the judgment of the Justice Court.[2] On May 13, 2014, the County Court signed an amended judgment reflecting a clerical correction, but which otherwise was substantively identical to the April judgment.

Following the County Court's issuance of the amended judgment, Evans' attorney filed a motion to withdraw on June 6, 2014, citing as grounds that Evans declined to pay his attorney's fees. The County Court granted the motion to withdraw on June 9, 2014. On June 13, 2014, Evans filed *pro se* a notice of appeal.

---

[1] *See* Tex. R. Civ. P. 510.10(c).

[2] *See* Tex. R. Civ. P. 510.12 ("An eviction case appealed to a county court will be subject to trial at any time after the expiration of 8 days after the date the transcript is filed in the county court. . . . If the defendant made no answer in writing in the justice court and fails to file a written answer within 8 days after the transcript is filed in the county court, the allegations of the complaint may be taken as admitted and judgment by default may be entered accordingly.").

ANALYSIS

With his appeal, Evans seeks to reverse the no-answer default judgment granted against him by the trial court.[3] "[T]he non-answering party in a no-answer default judgment is said to have admitted both the truth of facts set out in the petition and the defendant's liability on any cause of action properly alleged by those facts." *Paradigm Oil, Inc. v. Retamco Operating, Inc.*, 372 S.W.3d 177, 183 (Tex. 2012). A trial court is required to set aside such a default judgment, however, if a defendant satisfies the three-factor test established in *Craddock v. Sunshine Bus Lines, Inc.*, 133 S.W.2d 124 (Tex. 1939)—namely: (1) the defendant's failure to appear was not intentional or the result of conscious indifference, but due to a mistake or accident; (2) the defendant has a meritorious defense; and (3) granting a new trial will not cause delay or an injury to the plaintiff. *Milestone Operating, Inc. v. ExxonMobile Corp.*, 388 S.W.3d 307, 309 (Tex. 2012) (per curiam); *Dodd v. Savino*, 426 S.W.3d 275, 288 (Tex. App.—Houston [14th Dist.] 2014, no pet.) (subs. op.). Because this is a direct appeal from the grant of a default judgment, Evans is required to satisfy the *Craddock* factors to be entitled to relief. *Barrett v. Westover Park Cmty. Ass'n, Inc.*, No. 01-10-01112-CV, 2012 WL 682342, *2 (Tex. App.—Houston [1st Dist.] Mar. 1, 2012, no pet.) (mem. op.); *Massey v. Columbus State Bank*, 35 S.W.3d 697, 699 (Tex. App.—Houston [1st Dist.] 2000, pet. denied); *see also Mamou v. Sias*, No. 14-10-01154-CV, 2011 WL 2803437, *1 (Tex. App.—Houston [14th Dist.] July 19, 2011, no pet.) (mem. op.).

---

[3] Evans nominally presents four issues in his brief, but he makes several other arguments not within the scope of the stated issues. *Cf.* Tex. R. App. P. 38.1(f) (providing that the "statement of an issue or point will be treated as covering every subsidiary question that is fairly included"). For purposes of this appeal, we will consider Evans' brief as presenting a single issue challenging the County Court's grant of a default judgment, and we will address Evans' individual arguments as necessary.

In his brief to this court, Evans did not even cite the *Craddock* factors, let alone attempt to argue that he has satisfied those factors.[4] Instead, Evans asserts various complaints regarding the trial court's judgment, including:

- the trial court failed to issue findings of fact and conclusions of law in support of the default judgment;

- the trial court failed to consider all applicable law;

- the default judgment rests on false documents;

- the trial court granted the motion to withdraw by Evans' attorney and the trial court refused to appoint substitute counsel;

- Evans did not have notice of the trial date;[5]

- the trial court granted default judgment without verifying the information submitted to the court; and

- the opposing party does not have any constitutional rights due to the absence of any lawful immigration status.

Even were we to assume that any of the foregoing arguments may be a valid basis for reversing a grant of a default judgment, we do not reach the merits of these issues because we conclude that Evans failed to preserve error.

---

[4] *Cf. Massey*, 35 S.W.3d at 699 (affirming default judgment on direct appeal where appellants did not argue the *Craddock* factors in appellate brief or any post-judgment motions).

[5] Although not framed by Evans in the context of the *Craddock* factors, a lack of notice of a trial setting is sufficient to satisfy the first *Craddock* factor. *See Ashworth v. Brzoska*, 274 S.W.3d 324, 329 (Tex. App.—Houston [14th Dist.] 2008, no pet.). But there is no indication in the record that Evans raised this asserted lack of notice to the trial court or offered any proof in support. Therefore, the issue is waived. *See Williams v. Bayview-Realty Assocs.*, 420 S.W.3d 358, 364, 366 (Tex. App.—Houston [14th Dist.] 2014, no pet.) (holding party failed to preserve error by not raising complaint based on a lack of notice in the trial court and obtaining an adverse ruling); *Mamou*, 2011 WL 2803437 at *2 (holding party waived appellate review of complaint that default judgment was entered without proper notice of the trial when party failed to file a motion for new trial); *see also Felt v. Comerica Bank*, 401 S.W.3d 802, 806 (Tex. App.—Houston [14th Dist.] 2013, no pet.) (noting court begins with a presumption that a defendant had notice of the trial court setting, and that defendant must overcome this presumption by affirmatively showing a lack of notice via competent evidence).

4

As a prerequisite to this court's review, the record must show that Evans raised the matter complained of to the trial court in the form of a timely request, objection, or motion. Tex. R. App. P. 33.1(a); *Barkley v. Tex. Windstorm Ins. Ass'n*, No. 14-11-00941-CV, 2013 WL 5434171, *3 (Tex. App.—Houston [14th Dist.] Sept. 26, 2013, no pet.) (mem. op.). The record here reveals no such effort by Evans. The trial court granted a no-answer default judgment against Evans due to his failure to appear at the trial de novo. But, Evans did not file a motion for new trial or otherwise raise to the trial court in a post-judgment filing any of the various issues he argues in his brief to this court. Therefore, Evans' complaints about the judgment are waived. *See, e.g.*, *Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 577 (Tex. 2006) ("Except for fundamental error, appellate courts are not authorized to consider issues not properly raised by the parties.").

Likewise, Evans complains to this court about matters subsequent to the trial court's grant of default judgment. For example, Evans complains about the trial court's failure to issue findings of fact or conclusions of law, but there is no evidence in the record that Evans ever requested findings of fact and conclusions of law or filed a past due notice. *Cf.* Tex. R. Civ. P. 296, 297. Therefore, "this appellate complaint is waived." *Powell v. Reiswerg*, No. 14-12-00776-CV, 2013 WL 5883807, *2 (Tex. App.—Houston [14th Dist.] Oct. 31, 2013, no pet.) (mem. op.). Also, Evans complains about the trial court granting the motion to withdraw by his attorney, which occurred in June 2014 after the original default judgment and the amended default judgment were issued. But, there is no indication in the record that Evans challenged whether his attorney had valid grounds to withdraw, or that Evans sought any conditions on withdrawal or other considerations from the trial court. Therefore, Evans failed to preserve error. *See Aduli v. Aduli*, 368 S.W.3d 805, 817–18 (Tex. App.—Houston [14th Dist.] 2012, no pet.) (concluding

party failed to preserve error regarding the timing of attorney's withdrawal on the day of trial where party merely opposed the motion to withdraw but did not request a continuance).

The only argument in Evans' brief that he has not waived by his failure to raise it below is his assertion that the Justice Court's judgment in favor of appellees was void because it was issued after the expiration of the Justice Court's plenary power. *See Smalley v. Smalley*, 436 S.W.3d 801, 806 (Tex. App.—Houston [14th Dist.] 2014, no pet.) (noting a trial court loses its subject matter jurisdiction after expiration of its plenary power); *see also City of Houston v. Rhule*, 417 S.W.3d 440, 442 (Tex. 2013) (per curiam) (stating a court that acts without subject matter jurisdiction commits fundamental error that an appellate court may review for the first time on appeal). Evans claims there was an earlier eviction case (presumably involving the same property and parties) in which the Justice Court granted a default judgment in favor of Evans. But, there is no indication in the record of an earlier judgment by the Justice Court, let alone any details about such a judgment that could raise a question about whether the Justice Court had subject matter jurisdiction over the present case. Therefore, we reject this argument. *See Watts v. Oliver*, 396 S.W.3d 124, 135 (Tex. App.—Houston [14th Dist.] 2013, no pet.) (noting that fundamental error exists only in instances "in which the record affirmatively and conclusively shows that the court rendering the judgment was without jurisdiction of the subject matter").

As previously noted, Evans did not file a motion for new trial with the trial court after it granted the default judgment. "A motion for new trial to set aside a default judgment is a complaint on which evidence must be heard." *Puri v. Mansukhani*, 973 S.W.2d 701, 715 (Tex. App.—Houston [14th Dist.] 1998, no pet.). By not filing a motion for new trial, Evans did not introduce any evidence

6

extrinsic to the record to support his satisfaction of any of the *Craddock* factors. As illustrated by the above discussion, the existing record is devoid of any evidence bearing on the *Craddock* factors. Therefore, a motion for new trial was essential to Evans introducing the extrinsic evidence needed to satisfy his burden. *See Onwubuche v. Olowolayemo*, No. 01-10-00945-CV, 2012 WL 1067950, *2 (Tex. App.—Houston [1st Dist.] Mar. 29, 2012, no pet.) (mem. op.) ("Because the defaulting party has the burden to show that the elements of the *Craddock* test are satisfied, . . . the defaulting party must put forward any necessary evidence on these issues; typically a motion for new trial is the vehicle for offering such evidence into the record."); *Harris v. Burks*, No. 01-06-00128-CV, 2007 WL 1776048, *2 (Tex. App.—Houston [1st Dist.] June 21, 2007, no pet.) (mem. op.) ("[C]omplaints regarding a trial court's failure to set aside a default judgment must be raised in a motion for new trial because the trial court must hear evidence to determine whether the *Craddock* factors have been met.").

"When extrinsic evidence is necessary to challenge a default judgment," as is the case here, "a motion for new trial filed in the trial court is prerequisite to complaining on appeal that it should be set aside." *Mamou*, 2011 WL 2803437 at *2; *accord Barrett*, 2012 WL 682342 at *2; *see also Ginn v. Forrester*, 282 S.W.3d 430, 432 (Tex. 2009) (per curiam) ("When extrinsic evidence is necessary to challenge a judgment, the appropriate remedy is by motion for new trial . . . so that the trial court has the opportunity to consider and weigh factual evidence."). As a consequence of Evans' failure to file a motion for new trial and introduce evidence bearing on the *Craddock* factors, he has waived appellate review that the default judgment should be set aside. *See Barrett*, 2012 WL 682342 at *2–3; *Mamou*, 2011 WL 2803437 at *2; *see also* Tex. R. Civ. P. 324(b)(1) (providing

7

that a motion for new trial is a prerequisite to assert on appeal a complaint on which evidence must be heard).

## CONCLUSION

Having concluded that Evans has waived all arguments save one, and that the only argument not waived is incorrect, we overrule Evans' challenge to the trial court's grant of a default judgment. Accordingly, we affirm the judgment of the trial court.


/s/   Marc W. Brown
                    Justice

Panel consists of Justices Jamison, Busby, and Brown.