COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



| | | |
|---|---|---|
| DANIEL RAWLS, | § | No. 08-21-00197-CV |
| Appellant, | § | Appeal from the |
| v. | § | 109th District Court |
| LA FOGATA MEXICAN GRILL, LOURDES GALINDO, AND JOHN/JANE DOE, | § | of Andrews County, Texas |
| | § | (TC# 22,263) |
| Appellees. | § | |

## **O P I N I O N**

Appellant, Daniel Rawls, appeals from the trial court's order setting aside a default judgment against Appellant Lourdes Galindo[1] and granting a new trial. Rawls raises two issues on appeal: the trial court did not have jurisdiction to grant the motion for new trial because it was not timely filed, and the trial court abused its discretion in granting the new trial because

---

[1] Rawls sued Galindo, La Fogata, and John/Jane Doe, but his motion for default judgment sought judgment against only Galindo and La Fogata, and his nonmilitary declaration stated he sought default against only Galindo and/or La Fogata. Nonetheless, the default judgment granted judgment against all three defendants. The order setting aside the default judgment notes the motion to set aside default judgment was filed by Galindo and it states "Defendant" is entitled to a new trial. Neither party raises any issues regarding defect of parties. We assume the parties and the trial court are treating Galindo in her individual and representative capacity and default judgment has been set aside as to both Galindo and La Fogata.

Appellants failed to meet the *Craddock* factors. Because we conclude the trial court had jurisdiction when it granted the new trial, we affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Rawls filed suit against La Fogata Mexican Grill (La Fogata), Lourdes Galindo, and John/Jane Doe for negligently "over-serving" him alcohol in the restaurant, La Fogata, owned by Galindo. After proper alternate service on Galindo, and no answer was filed, Rawls moved for default judgment against Galindo and La Fogata.

The motion for default judgment was set for submission on July 27, 2021. Notices of hearing were mailed to La Fogata and Galindo at the business address. USPS domestic return receipts (green cards) indicate the notices were received by someone with the initials "LG" on July 9. On July 27, the trial court signed a default judgment in favor of Rawls against La Fogata, Galindo, and John Doe, jointly and severally, in the amount of $5,000,000.

The parties acknowledge Galindo filed a motion to set aside default judgment and for new trial on August 26, within thirty days of the default judgment. That same day, Rawls filed a response to Galindo's motion. Rawls' response argued Galindo's motion failed to satisfy the *Craddock* factors required by a defendant attempting to set aside a default judgment. Rawls' response also states neither the motion nor the affidavit mention what meritorious defense or defenses she would raise against any of the causes of action raised in the petition. On August 27, the court issued an order setting the motion for new trial on October 25, 2021. Also on August 27, at 7:34 am, the district clerk rejected Galindo's motion stating:

> We do not file attachments. Please separate the Motion and the Order and resubmit making both documents lead documents in the same envelope. If you use the same envelope as before the documents will have the original file date when we accept them. Thank you. Sherry Dushane, District Clerk 432-524-1417[.]

2

The parties acknowledge Galindo again attempted to file a motion for new trial on August 27, and it was also rejected. Finally, on August 30, Galindo's motion to set aside the default judgment and for new trial was file-stamped. Accompanying the motion were two affidavits. Galindo's affidavit was notarized August 26, and the second affidavit was notarized August 27.

At the hearing on the motion to set aside the default and for new trial on October 25, counsel for the parties discussed the timeliness of the motion for new trial. Rawls' attorney noted that the file-stamped motion for new trial indicates it was filed on August 30, more than thirty days after the court signed the default judgment. Galindo's attorney stated he had a notice identifying it was filed on August 26. Upon questioning by the court, Rawls' attorney acknowledged receiving the motion for new trial on August 26 and filing a response to it that same day. Rawls' attorney argued the August 26 motion was rejected and stated a "substantially different" motion for new trial was filed on August 27, which was also rejected. Rawls' attorney stated the August 30 motion that was accepted was filed outside the "applicable window." Galindo's attorney responded that he responded to the clerk's instruction by separating the order and filed into the same e-filing from August 26, "which was confirmed by the court's staff."

The trial court ruled the motion was timely filed and, after hearing arguments of counsel, the trial court signed an order granting the motion on October 28. Rawls appeals from the granting of a new trial.

## II.     STANDARD OF REVIEW AND APPLICABLE LAW

We review a challenge to the trial court's subject matter jurisdiction de novo. *Tex. Dept. of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 228 (Tex. 2004). A trial court loses subject matter jurisdiction thirty days after a judgment is signed if no party to the judgment files a motion

3

extending the trial court's plenary power. *Smalley v. Smalley*, 436 S.W.3d 801, 806 (Tex. App.— Houston [14th Dist.] 2014, no pet.).

A motion for new trial must be filed withing thirty days after the judgment complained of is signed. TEX. R. CIV. P. 329b(a). A trial court has plenary power to grant a new trial until thirty days after a timely-filed motion for new trial is overruled, either by order or by operation of law, whichever occurs first. *Id.* 329b(e). If the court does not rule on a motion for new trial within seventy-five days after the judgment was signed, it is considered overruled by operation of law. *Id.* 329b(c). A timely-filed motion for new trial extends the court's plenary jurisdiction until the expiration of 105 days after a judgment is signed or the motion is ruled upon, whichever occurs first. *See id.* 329b(c), (e); *see also L.M. Healthcare, Inc. v. Childs*, 929 S.W.2d 442, 444 (Tex. 1996); *Maddox v. Tex. Dept. of Protective and Regulatory Servs.*, 45 S.W.3d 210, 214 (Tex. App.—El Paso 2001, no pet.).

A document is considered timely filed if it is electronically filed at any time before midnight on the filing deadline. TEX. R. CIV. P. 21(f)(5). "The clerk may not refuse to file a document that fails to conform with this rule. But the clerk may identify the error to be corrected and state a deadline for the party to resubmit the document in a conforming format." *Id.* 21(f)(11).

## DISCUSSION

Before we address whether the trial court abused its discretion in granting a new trial after the default judgment, we must first address whether the trial court had jurisdiction to grant the new trial.

### A. Jurisdiction to grant motion for new trial

Rawls argues the trial court did not have jurisdiction to grant Appellees' motion for new trial, that is, that the trial court acted outside its period of plenary jurisdiction. If the trial court

4

granted the motion for new trial outside its plenary jurisdiction, the order for new trial would be void. *See Hemenway v. Hemenway*, No. 14-19-00978-CV, 2021 WL 4472685, at *2 (Tex. App.— Houston [14th Dist.] Sept. 30, 2021, no pet.) (mem. op.).

It is undisputed Galindo filed a motion for new trial on August 26, within the thirty days allowed by Rule 329b(a), and within the trial court's initial thirty days of plenary power after the default judgment was signed on July 27. *See* TEX. R. CIV. P. 329b(a), (d). The filing of this motion for new trial extended the court's plenary jurisdiction until thirty days after the motion was overruled, either by order or by operation of law. TEX. R. CIV. P. 328b(e). The August 26 motion was rejected by the clerk with the instruction to refile making both the motion and the proposed order lead documents. Although the clerk may not refuse to file a document, the clerk may identify errors in the filing to be corrected and state a deadline for the party to make the corrections and resubmit the document. TEX. R. CIV. P. 21(f)(11).

It is also undisputed Galindo refiled a motion for new trial on August 27 and again on August 30, when the motion was finally file-marked. As this court has previously held, the resubmission of an otherwise timely filed document through the electronic filing system in accordance with the clerk's instructions does not render the filing of the document untimely. *Nevarez Law Firm, P.C. v. Investor Land Servs., L.L.C.*, 610 S.W.3d 567, 570 (Tex. App.—El Paso 2020, no pet.). If the document is refiled in accordance with the clerk's instructions and by the deadline set by the clerk, the effective date is deemed as the first date the document was transmitted to the electronic filing service unless that date was a Saturday, Sunday, or legal holiday, in which case the document is deemed filed on the next day that is not a Saturday, Sunday, or legal holiday. *Id.* (citing TEX. R. CIV. P. 21(f)(5)). The original transmission date is the effective date

regardless of the clerk's file stamp. *See In re Barr*, No. 05-19-00511-CV, 2019 WL 2082468, at *2 (Tex. App.—Dallas May 13, 2019, no pet.) (mem. op.).

Here, there is nothing in the record to indicate the clerk gave a deadline to file the corrected motion. The record does indicate, however, Galindo followed the clerk's instructions and refiled the motion. Therefore, we hold the original transmission date of August 26 is the effective date of the filing. The August 26 motion was not ruled on by the court within seventy-five days and was overruled by operation of law on October 11. *See* TEX. R. CIV. P. 329b(c). Nonetheless, the court was within its additional thirty days of plenary jurisdiction when it granted new trial on October 28. *See* TEX. R. CIV. P. 329b(e). Accordingly, we overrule Rawls' first issue.

**B. Discretion in setting aside default judgment and granting motion for new trial**

Rawls argues in his second issue the trial court abused its discretion in granting the new trial because Galindo failed to meet the requirements of *Craddock* stating, "default judgments, though disfavored, must be upheld where the defendant cannot meet all three *Craddock* factors." *See Craddock v. Sunshine Bus Lines Inc.*, 133 S.W.2d 124, 125-26 (Tex. 1939) (establishing three factors to guide a trial court in determining whether to set aside a default judgment and grant new trial). Rawls' argument, however, is misplaced when reviewing the ***granting*** of a new trial after a default judgment. An order granting a motion for new trial rendered within the period of the trial court's plenary power is generally not reviewable on appeal. *Wilkins v. Methodist Health Care System*, 160 S.W.3d 559, 563 (Tex. 2005); *In re R.G.A.C.L.G.*, No. 05-20-00457-CV, 2022 WL 123104, at *2 (Tex. App.—Dallas Jan. 13, 2022, no pet.) (mem. op.); *Poff v. Guzman*, 532 S.W.3d 867, 868 (Tex. App.—Houston [14th Dist.] 2017, no pet.); *Shrewsbury v. Por*, No. 08-13-00364-

CV, 2015 WL 3898801, at *1 (Tex. App.—El Paso June 24, 2015, no pet.) (mem. op.).[2] This rule has been applied by the Texas Supreme Court and many of our sister courts in the context of reviewing a motion for new trial granted after setting aside a default judgment. *See Cummins v. Paisan Constr. Co.*, 682 S.W.2d 235-36 (Tex. 1984) (per curiam); *In re R.G.A.C.L.G.*, 2022 WL 123104 at *2; *Poff*, 532 S.W.3d at 868; *Ochoa v. Ochoa*, No. 11-15-00103-CV, 2017 WL 1957708, *1 (Tex. App.—Eastland May 11, 2017, pet. denied) (mem. op.); *White v. Clean Slate Serv., Inc.*, No. 03-14-00372-CV, 2015 WL 739607, at *1 (Tex. App.—Austin Feb. 20, 2015, no pet.) (mem. op.).

Because we have determined the trial court had jurisdiction when it granted Galindo's motion to set aside the default judgment and granting the new trial, we conclude its decision to do so is not reviewable. *See Wilkins*, 160 S.W.3d at 563; *Cummins*, 682 S.W.2d at 236.

### III.    CONCLUSION

Having determined that the trial court granted Appellees' motion for new trial within the period of its plenary jurisdiction and its decision is not reviewable, we affirm.

SANDEE B. MARION, Chief Justice (Ret.)

December 22, 2022

Before Rodriguez, C.J., Alley, J., and Marion, C.J. (Ret.)
Marion, C.J. (Ret.) (Sitting by Assignment)

---

[2] The Texas Supreme Court has recognized two exceptions to the general rule that motions for new trial are not appealable: "(1) when the trial court's order is wholly void; and (2) when the trial court erroneously concluded that the jury's answers to special issues were irreconcilably in conflict." *In re R.G.A.C.L.G.*, 2022 WL 123104, at *2 (citing *Wilkins*, 160 S.W.3d at 563. Neither of these exceptions apply here. We recognize the Texas Supreme Court has further limited a trial court's discretion to grant a new trial when setting aside a jury verdict in *In re Columbia Med. Ctr. of Las Colinas*, 290 S.W.3d 204, 213 (Tex. 2009).