In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-23-00344-CV
_____

PROLINE ENERGY RESOURCES, INC., Appellant

V.

GORDY OIL COMPANY, Appellee

On Appeal from the 75th District Court
Liberty County, Texas
Trial Cause No. 23DC-CV-00668

MEMORANDUM OPINION

Gordy Oil Company ("Gordy") sued Proline Energy Resources, Inc. ("Proline") for breach of contract, quantum meruit, and unjust enrichment claiming Proline owed it money under an oil and gas contract. The trial court granted Gordy's Motion for Default Judgment and awarded Gordy more than a million dollars in economic damages, attorney's fees, contingent appellate attorney's fees, court costs, and pre- and post-judgment interest. Proline filed a Motion for New Trial, which the trial court determined was untimely, and thus, it lacked plenary power to consider

1

the Motion. In a single issue, Proline asks whether the trial court erred in denying without considering its Motion for New Trial because it no longer had plenary power, so it lacked jurisdiction. We hold Proline's Motion for New Trial was timely under Rule 21(f)(5) where it transmitted the Motion to its electronic filing service provider before midnight on the due date, thus the trial court erred when it refused to consider Proline's Motion for New Trial based on a lack of plenary power. *See* Tex. R. Civ. P. 21(f)(5). Therefore, we will reverse and remand for the reasons discussed below.

## BACKGROUND

### Original Petition and Default Judgment

On May 2, 2023, Gordy filed its Original Petition naming Proline as a defendant. Gordy asserted causes of action for breach of contract, quantum meruit, and unjust enrichment claiming Proline owed money under an oil and gas operating agreement. On July 3, 2023, Gordy served Proline through its registered agent via certified mail, which made Proline's answer due on July 24, 2023. *See generally id*. 99(b) (noting general deadline to answer in civil suits is the first Monday after the expiration of twenty days). On July 7, 2023, Gordy filed the citation and proof of service.

When Proline failed to timely file an answer, on August 8, 2023, Gordy filed its Motion for Default Judgment supported by evidence. On August 9, 2023, the trial court signed the Order Granting Default Judgment. The Default Judgment awarded

2

Gordy the following damages: $1,379,281.69 in economic damages; $15,476.50 in attorney's fees; $861.40 in court costs; prejudgment interest; $30,000 in conditional attorney's fees if appealed to the court of appeals; $30,000 conditional attorney's fees if appealed to the Supreme Court of Texas; and post-judgment interest.

**Motions for New Trial and Hearing**

Proline's Motion for New Trial and [to] Set Aside Default Judgment was file-stamped September 11, 2023. Proline supported its Motion for New Trial with evidence and counsel's declaration. In the Motion for New Trial, Proline argued that it met its burden under *Craddock* as to all three elements, so the default judgment should be set aside. Proline also argued that Peri Petroleum, LLC is the lessee under the applicable agreement rather than Proline Energy Resources, Inc.

In addition, although the Motion for New Trial was file-stamped after the filing deadline, in subsequent filings, the record shows that Proline argued the Motion for New Trial was timely. In its Amended Motion for New Trial, Proline explained to the trial court that it originally sent its Motion for New Trial to the electronic service provider on the deadline of Friday, September 8, 2023. Proline noted the documentation showed it "did, in fact, timely submit for e-filing and e-service its motion for new trial within the time allowed." Proline stated that this "e-file submission was returned as failed due to 'error.'" Proline described its additional attempts to re-file the Motion for New Trial, and "the e-filing was successfully

3

submitted in the early hours of the following morning." Thereafter, on Monday, September 11, Proline's counsel received an email notification that the Clerk's Office rejected the filing "for the sole reason that 'exhibits must be [e-filed as] part of the lead document.'" Per the District Clerk's instructions, Proline "re-filed its motion for new trial in the exact same form and with the same exhibits" except that the "exhibits were e-filed as part of the lead document," and the filing was accepted. Proline asserted that its Motion for New trial was timely, and the trial court retained jurisdiction.

On October 19, 2023, the trial court conducted a hearing on Proline's Motion for New Trial, where it addressed the filing timeline. The trial court noted it entered the Default Judgment on August 9, 2023, and the Motion for New trial was due thirty days from that, which was September 8, 2023. The trial court stated that Proline did not file the Motion for New Trial until September 11, 2023, and did not file the Amended Motion for New Trial until September 15, 2023. The trial court reasoned it could not consider the Amended Motion for New Trial, because the original Motion for New Trial was untimely. The trial court said it did not have authority to extend the motion for new trial deadline, because Texas Rule of Civil Procedure 5 prohibits it. The trial court explained that the amended motion was a nullity, because Proline filed the original motion for new trial late. The trial court determined that it could not consider the Motion for New Trial or *Craddock* factors, and it was not

4

technically "denied" since it did not have plenary power to do so. *See Craddock v. Sunshine Bus Lines, Inc.*, 133 S.W.2d 124, 126 (Tex. Com. App. 1939); *see also Dolgencorp of Texas, Inc. v. Lerma*, 288 S.W.3d 922, 925 (Tex. 2009).

**Proline's Motion for Reconsideration**

On October 26, 2023, after the hearing but before the trial court signed an Order on the Motion for New Trial, Proline filed its "Motion for Reconsideration of and Motion to Deem Timely Defendant Proline Energy Resources, Inc.'s Motion for New Trial." Proline supported its Motion for Reconsideration with exhibits, including, among other things: the e-filing envelopes for its original Motion for New Trial; communications from Proline to the trial court's manager detailing the e-filing steps with the e-filing support documentation; and the transcript from the hearing on the Motion for New Trial.

In its Motion for Reconsideration, Proline outlined its e-filing attempts and explained that it transmitted its Motion for New Trial to the electronic filing service provider ("EFSP") at 11:55 p.m., which was before midnight in the trial court's time zone on Friday, September 8, 2023. Proline explained that at 11:58 p.m. on September 8, 2023, its attorney received an email from the EFSP notifying it of a "submission failure" with the filing under Envelope No. 79378166. Proline attached the e-filing documents supporting these contentions as exhibits to the Motion for Reconsideration and showed that Proline indeed sent the Motion for New Trial to

5

the EFSP at 11:55 p.m. on September 8, 2023, and it was returned three minutes later. The Motion for Reconsideration and exhibits also showed that Proline attempted to re-submit the Motion for New Trial to the EFSP two more times shortly after midnight and in the early morning hours of September 9, 2023. The Motion for New Trial was successfully submitted to the clerk's office at 1:11 a.m. under Filing Envelope No. 79378236. On Monday, September 11, 2023, at 8:12 a.m., Proline received an email from the District Clerk's Office through the EFSP notifying it the filing was again returned and stating, "Exhibits must be part of the lead document." Finally, after re-submitting the Motion for New Trial again on September 11, 2023, at 10:17 a.m., Proline received an email notification under Envelope No. 79394393 showing the Motion for New Trial was successfully filed.

Proline contended that it timely filed the Motion for New trial under Texas Rule of Civil Procedure 21(f)(5) since it transmitted the motion timely to the EFSP. Alternatively, Proline argued that the trial court should deem it timely filed under Rule 21(f)(6), which allows for an extension if a document is untimely because of a technical failure or system outage. Proline asserted in the Motion for Reconsideration that since the Motion for New Trial was timely, the trial court retained plenary power to hear and grant its Motion for New Trial. Proline contended that given the timely-filed Motion for New Trial, under Rule 329(b), if the trial court does not rule, the motion is deemed overruled by operation of law seventy-five days

6

after the judgment was signed, which would have been October 23, 2023. Proline also noted that under Rule 329(e), the trial court retained plenary power for another thirty days after the motion was overruled by operation of law, which meant it retained plenary power until November 22, 2023. Proline asserted that based on this, the trial court retained plenary power to consider the contents of the Amended Motion for New Trial.

**Trial Court's Order on Motion for New Trial**

On October 30, 2023, the trial court signed an Order Denying Defendant's Motion for New Trial, which stated, "The Court no longer possesses jurisdiction to rule on any relief as the Court's plenary power has lapsed. Accordingly, the Court is unable to rule on Defendant's requested relief[,] and Defendant's Motion for New Trial is DENIED for such reason." Proline timely appealed.

**STANDARD OF REVIEW**

The parties cite the standard of review as an abuse of discretion for a trial court's denial of a motion for new trial. We agree that if the issue were simply the denial of a motion for new trial, we would review for an abuse of discretion. *See Dolgencorp of Tex., Inc. v. Lerma*, 288 S.W.3d 922, 926 (Tex. 2009) (per curiam). That said, the issue before us is whether the trial court erroneously concluded it lacked plenary power to consider Proline's Motion for New Trial, a decision that impacts subject-matter jurisdiction. *See Smalley v. Smalley*, 436 S.W.3d 801, 806

7

(Tex. App.—Houston [14th Dist.] 2014, no pet.) (citation omitted) (explaining that "[i]f no party files a motion extending the trial court's plenary power, the trial court loses subject matter jurisdiction thirty days after the judgment is signed[]"). "After a trial court loses plenary power over a final judgment, it lacks jurisdiction to alter that judgment[.]" *Estate of Brazda*, 582 S.W.3d 717, 731 (Tex. App.—Houston [1st Dist.] 2019, no pet.) (citing *Escobar v. Escobar*, 711 S.W.2d 230, 231 (Tex. 1986)) (other citation omitted). We review a trial court's subject-matter jurisdiction determination de novo. *See Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 228 (Tex. 2004) ("Appellate courts reviewing a challenge to a trial court's subject matter jurisdiction review the trial court's ruling de novo.").

## ANALYSIS

In its sole issue, Proline contends the trial court erred by denying its Motion for New Trial without considering its Motion, based on the erroneous belief that its plenary power had lapsed, and it no longer possessed jurisdiction. In support of this issue, Proline argues that under Texas Rule of Civil Procedure 21(f)(5) its Motion for New Trial was timely, and under Rule 21(f)(6) the trial court should have deemed it timely. Gordy responds that because the error was with password-protected PDF exhibits, the problem was a pre-transmission problem on Proline's part rather than a "technical failure," so the Motion for New Trial was untimely.

8

Generally, a trial court's plenary power runs for thirty days after it signs a judgment. *See Alexander Dubose Jefferson & Townsend LLP v. Chevron Phillips Chem. Co., L.P.*, 540 S.W.3d 577, 581 (Tex. 2018); *see also* Tex. R. Civ. P. 329b(d). A party may extend the time the trial court retains plenary power by timely filing a motion for new trial. *See* Tex. R. Civ. P. 329b(a) (requiring motion for new trial to be filed within thirty days of the judgment being signed); *see also In re Moran*, 635 S.W.3d 394, 401 (Tex. App.—Beaumont 2021, orig. proceeding). When a party timely files a motion for new trial, the trial court retains plenary power to grant a new trial or vacate, modify, correct, or reform the judgment until thirty days after all such timely-filed motions are overruled by order or operation of law. Tex. R. Civ. P. 329b(e). If a trial court does not rule on a motion for new trial within seventy-five days, it is overruled by operation of law. *See id.* 329(c).

Since the plain language of Texas Rule of Civil Procedure 21(f)(5) is dispositive in this case, that is where we focus our analysis. Rule 21(f)(5) provides,

> Timely Filing. Unless a document must be filed by a certain time of day, a document is considered timely filed if it is electronically filed at any time before midnight (in the court's time zone) on the filing deadline. An electronically filed document is deemed filed when transmitted to the filing party's electronic filing service provider, except:
> (A) if a document is transmitted on a Saturday, Sunday, or legal holiday, it is deemed filed on the next day that is not a Saturday, Sunday, or legal holiday[.]

9

*Id.* 21(f)(5). The Rule then outlines another exception, which is inapplicable here. *See id.*

"In construing procedural rules, we 'apply[] the same rules of construction that govern the interpretation of statutes.'" *In re Millwork*, 631 S.W.3d 706, 711 (Tex. 2021, orig. proceeding) (quoting *In re Christus Spohn Hosp. Kleberg*, 222 S.W.3d 434, 437 (Tex. 2007)); *see also Note Inv. Grp., Inc. v. Assocs. First Capital Corp.*, 476 S.W.3d 463, 476 (Tex. App.—Beaumont 2015, no pet.). When a procedural rule is clear and unambiguous, we construe the rule's language according to the plain or literal meaning by applying grammatical rules and considering context. *See In re Millwork*, 631 S.W.3d at 711–12 (citing *In re Christus Spohn Hosp. Kleberg*, 222 S.W.3d at 437; *Crosstex Energy Servs., L.P. v. Pro Plus, Inc.*, 430 S.W.3d 384, 390 (Tex. 2014)). Where terms are undefined, "we construe those words in accordance with their ordinary and commonly understood meaning[,]" and may look to their dictionary definitions. *See Note Inv. Grp.*, 476 S.W.3d at 477 (explaining same and looking to dictionary definitions to interpret Texas Rule of Civil Procedure 167). We will not judicially amend the rule to add words. *See Jones v. Liberty Mut. Ins. Co.*, 745 S.W.2d 901, 902 (Tex. 1988) (stating same in context of statutory construction). Thus, we examine the chosen words in the context of the statute as a whole and do not consider words or parts of the statute in isolation. *See*

10

*Harris Cnty. Hosp. Dist. v. Tomball Reg'l Hosp.*, 283 S.W.3d 838, 842 (Tex. 2009) (explaining in the context of statutory construction).

Rule 21(f)(5) does not define "transmitted." *See* Tex. R. Civ. P. 21(f)(5). When a term is undefined in a rule or statute, we begin with its ordinary dictionary meaning. *See In re Millwork*, 631 S.W.3d at 711–12; *Note Inv. Grp.*, 476 S.W.3d at 477. "Transmitted" is defined as "to send or convey from one person or place to another." https://www.merriam-webster.com/dictionary/transmit (last visited Oct. 2, 2025). Rule 21(f)(5) also does not include a requirement that the electronic filing service provider accept the filing. Looking elsewhere in Rule 21, it provides that "[t]he clerk may not refuse to file a document that fails to conform with this rule. But the clerk may identify the error to be corrected and state a deadline for the party to resubmit the document in a conforming format." Tex. R. Civ. P. 21(f)(11).

In addressing Rule 21(f)(5), other courts "have referred to this as the 'electronic equivalent of the mailbox rule[.]'" *Allstate Fire and Cas. Ins. Co. v. Dollard*, 679 S.W.3d 279, 285 (Tex. App.—Fort Worth 2023, no pet.) (quoting *Cummings v. Billman*, 629 S.W.3d 297, 300 (Tex. App.—Fort Worth 2020, op. and order), op. on merits, 634 S.W.3d 163 (Tex. App.—Fort Worth 2021, no pet.) (mem. op.)). "[L]ike the hard-copy mailbox rule, the timeliness of an e-filing is based on when the party transmits the document to the e-filing system—the electronic equivalent of dropping the document into the mailbox." *Id.* (citation omitted).

11

Consistent with the Rule 21(f)(5)'s plain language, other courts have focused on "transmission" as the "dispositive act" and the effective date, regardless of the clerk's file stamped date. *See id.* (citing Tex. R. Civ. P. 21(f)(5); *Jamar v. Patterson*, 868 S.W.2d 318, 319 (Tex. 1993); *Rawls v. La Fogata Mexican Grill*, 658 S.W.3d 898, 901 (Tex. App.—El Paso 2022, pet. denied)). Likewise, "whether the clerk received and rejected the document is not dispositive." *NA Land Co. v. State*, 624 S.W.3d 671, 675 (Tex. App.—Houston [14th Dist.] 2021, no pet.) (citing Tex R. Civ. P. 21(f)(5)) (other citations omitted). Additionally, resubmitting an otherwise timely filed document through the electronic filing system in accordance with the clerk's instructions does not render the filing of the document untimely, and the original transmission date is the effective date regardless of the clerk's stamp. *See Rawls*, 658 S.W.3d at 901; *Nevarez Law Firm, P.C. v. Investor Land Servs., L.L.C.*, 610 S.W.3d 567, 570 (Tex. App.—El Paso 2020, no pet.) (discussing 21(f)(5) and 21(f)(6)).

As mentioned above, and congruent with Rule 21(f)(5)'s plain language, several of our sister courts have focused on "transmitted" as the dispositive factor in whether the document was timely filed. *See, e.g., Whitelock v. Stewart*, 661 S.W.3d 583, 594 (Tex. App.—El Paso 2023, pet. denied) (holding e-filed motion for new trial was timely although clerk rejected filing for formatting noncompliance); *Hall v. Lewis*, 639 S.W.3d 197, 207–08 (Tex. App.—Houston [1st Dist.] 2021, no

12

pet.) (concluding e-filed petition was timely when it was transmitted on the last day of limitations despite later receiving two emails noting the filing was returned and rejected by clerk); *Cummings*, 629 S.W.3d at 300, 302 (holding that appellants' motion to reinstate was deemed filed when transmitted, even though appellants later canceled the transaction); *Nevarez Law Firm*, 610 S.W.3d at 570–71 (concluding e-filed motion for new trial was timely despite initial rejection and being routed to wrong clerk); *In re Barr*, No. 05-19-00511-CV, 2019 WL 2082468, at *1–2 (Tex. App.—Dallas May 13, 2019, orig. proceeding) (holding e-filed motion for new trial was timely when "transmitted to [the] electronic filing service provider" before deadline despite clerk's rejecting it for insufficient fees and noncompliance).

We agree that simply uploading a document is not enough where, for example, a party discovers a corrupted file after navigating to the EFSP's website; doing so without sending the document "does not transform the corrupted file into a transmitted related issue." *Dollard*, 679 S.W.3d at 289 (explaining that party discovered its motion for new trial was corrupted and did not even attempt to send it before the deadline, so the motion was untimely). Here, however, Proline did not simply upload the motion, it "transmitted"—in other words, sent—the motion to the EFSP before midnight on the due date. *See* Tex. R. Civ. P. 21(f)(5). The returned e-file envelope Proline received stated that the electronic filing service provider "could not accept" it, noting the "Date/Time Submitted" as "9/8/23 11:55 PM CST" and

13

asked that Proline "resubmit" the document. This established that Proline "transmitted" the document to the EFSP at 11:55 PM CST on September 8, 2023, and it is deemed filed at that time. *See id.*; *see also Cummings*, 629 S.W.3d at 300 (noting under Rule 21(f)(5), document was deemed filed at the moment it was transmitted).

In essence, Gordy wants to add another requirement into the Rule before a document is deemed timely filed, which is that it be *accepted* by the electronic filing service provider. Yet, the express language of Rule 21(f)(5) does not require that the electronic filing service provider accept the document, only that the document be *transmitted*—i.e., sent—before midnight on the due date. *See* Tex. R. Civ. P. 21(f)(5). We will not judicially amend the rule to add the word "accepted." *See Jones*, 745 S.W.2d at 902.

Gordy relies on this not being a "technical failure" or "technical error" under 21(f)(6). Gordy asserts the motion's rejection was the result of a "pre-transmission problem" and Proline's submitting the document with a password-protected PDF exhibit was Proline's fault for failing to comply with the rules. Rule 21(f)(6) provides relief for parties where "a document is untimely due to a technical failure or a system outage[,]" and allows the filing party to "be given a reasonable extension of time to complete the filing." Tex. R. Civ. P. 21(f)(6). We find it unnecessary to reach that argument or the potential interplay it has with Rule 5's prohibition on

extending the deadline to file a motion for new trial, since the "transmitted" language in 21(f)(5) is dispositive.

We hold Proline's Motion for New Trial was timely under Rule 21(f)(5) where it transmitted the Motion to its electronic filing service provider before midnight on the due date, thus the trial court erred when it refused to consider Proline's Motion for New Trial on the basis that it lacked plenary power. We sustain Proline's sole issue.

## REMITTITUR

Gordy recently filed a Motion for Remittitur with this Court. We do not reach the merits of that Motion in this appeal. Given our resolution of Proline's sole issue, and since the trial court will consider the merits of Proline's Motion for New Trial for the first time upon remand, the trial court can likewise address Gordy's Motion for Remittitur then.

## CONCLUSION

Having sustained Proline's sole issue, we reverse this matter and remand it to the trial court for further proceedings consistent with this opinion.

REVERSED AND REMANDED.

W. SCOTT GOLEMON
Chief Justice

Submitted on July 11, 2025
Opinion Delivered October 23, 2025
Before Golemon, C.J., Johnson and Chambers, JJ.

15