

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-19-00187-CV

———————————————

IN THE MATTER OF THE GUARDIANSHIP OF MAY K. JONES, AN
INCAPACITATED PERSON

On Appeal from Probate Court
Denton County, Texas
Trial Court No. PR-2014-00591-01

Before Kerr, Womack, and Wallach, JJ.
Memorandum Opinion on Remand by Justice Womack

## MEMORANDUM OPINION ON REMAND

## I. INTRODUCTION

In this appeal from a guardianship proceeding, Appellants Kathy Jones-Hospod and Judy Jones appeal from the probate court's order dismissing their statutory bill of review and awarding sanctions against them.

In a prior consideration of this appeal, we concluded that the probate court's order dismissing Kathy and Judy's statutory bill of review and awarding sanctions against them was not final for purposes of appeal, and we held that we therefore lacked jurisdiction over this appeal. *See In re Guardianship of Jones*, No. 02-19-00187-CV, 2020 WL 1887845, at *1 (Tex. App.—Fort Worth April 16, 2020) (mem. op.) (hereinafter *Jones II*), *rev'd*, 629 S.W.3d 921 (Tex. 2021) (hereinafter *Jones III*). The Texas Supreme Court disagreed. *Jones III*, 629 S.W.3d at 926. It held that the probate court's order was final and appealable, and it reversed our judgment and remanded the case back to us for further proceedings. *Id.*

In six issues[1] following remand, Kathy and Judy argue that the probate court erred by dismissing their statutory bill of review, erred by assessing sanctions against

---

[1]In their brief, Kathy and Judy list six issues for our consideration and nineteen points of error. The brief does not offer any explanation as to the distinction made by Kathy and Judy between an "issue" and a "point of error." From our reading, Kathy and Judy's points of error are best characterized as subheadings of their issues. To that end, the points of error are listed within the issues and flow from the issues—typically as either statements of law regarding the issue or as subarguments pertaining to the issue. In this opinion, we will dispose of Kathy and Judy's issues. *See* Tex. R. App. P. 47.1.

2

them, and abused its discretion by denying a motion for continuance filed by Kathy. We will affirm.

## II. BACKGROUND

Kathy and Judy, along with their sisters, Appellees Ellen Nadene Smith and Patricia Peacock, are the daughters of May K. Jones, the ward of the underlying guardianship case. Kathy and Judy are on one side of the case, while Ellen and Patricia are on the other. This case has a rather complex procedural history, and for ease of reference, we will describe it as occurring over the following three phases: (1) the initial guardianship proceeding, (2) Kathy's direct appeal from the initial guardianship proceeding, and (3) Kathy and Judy's petition for bill of review attacking the initial guardianship proceeding.

## A. The Initial Guardianship Proceeding

Much of the background information relating to the initial guardianship proceeding can be gleaned from our opinion disposing of Kathy's direct appeal. *See In re Guardianship of Jones*, No. 02-15-00367-CV, 2016 WL 4474353 (Tex. App.—Fort Worth Aug. 25, 2016, no pet.) (mem. op.) (hereinafter *Jones I*). As reflected in that opinion,

> The tug-of-war that ultimately led to the siblings' battle over May's guardianship began on May 3, 2014, when Kathy removed May from her residence at Evergreen, a senior living facility in The Colony, and took her to Kathy's home in Austin. En route to Austin, May telephoned Ellen and told her that Kathy was taking her to Austin for "a vacation." Approximately a week later, Kathy informed Ellen that May had hired an attorney.

3

Three days later, on May 14, 2014, May signed a self-proving affidavit of declaration of guardian in which she attempted to designate Judy as guardian of her person, with Kathy as first alternate; to designate Kathy as guardian of her estate, with Judy as first alternate; and to expressly disqualify Ellen and Patricia from serving as guardian of her person or estate. Kathy subsequently became May's Social Security representative payee, and she obtained power of attorney over her mother's Wells Fargo account, which contained approximately $8,000 prior to paying the attorney.

When Ellen arrived at Kathy's house to visit May on May 16, she discovered that May was no longer in Austin but was instead at Judy's apartment in [Canadian, Texas]. So, Ellen continued on to Canadian, and when she arrived at Judy's apartment, May told Ellen that she was going to stay there. Shortly after that visit, Ellen was told by a "sheriff" that Judy worked for that she would be arrested for trespassing if she tried to visit her mother again. Because Judy worked evenings, this arrangement left May unsupervised at night, and because Judy had to sleep during the day, May remained unsupervised during daytime hours as well.

*Id.* at *2 (footnotes omitted).

In July 2014, Ellen filed an application for appointment as May's temporary and permanent guardian. *Id.* Ellen alleged that May suffered from dementia and that Kathy and Judy had exerted undue influence or control over May to get May to revoke Ellen's durable and medical powers of attorney over May.[2] *Id.* Later that month, the probate court appointed Ellen to be May's temporary guardian, and May moved into Ellen's house. *Id.* at *2–3. In September 2014, Kathy and Judy filed a

---

[2]A certificate of medical examination completed by May's primary physician was attached to Ellen's application, and the certificate recounted that May suffered from dementia. *Id.*

4

joint counter-application for guardianship, with Judy seeking to serve as guardian of May's person and Kathy seeking to serve as guardian of May's estate. *Id.* at *3.

In February 2015, Ellen filed a motion for security of costs, seeking—as May's temporary guardian—an order requiring Kathy and Judy to post security under Estates Code Section 1053.052 and Rule of Civil Procedure 143, based on existing guardian and attorney ad litem fees that would only increase if Kathy and Judy continued to litigate the guardianship case. *Id.* at *3. At the hearing on Ellen's motion, Ellen pointed out that $10,000 in ad litem fees had already been incurred, and she requested that Kathy and Judy be required to post at least $20,000 as security for costs to move forward. *Id.* at *4. In April 2015, the probate court granted Ellen's motion and ordered Kathy and Judy to each post a $20,000 cash bond or approved corporate security bond. *Id.*

In May 2015, Ellen filed a motion in limine under Estates Code Section 1055.001 challenging the standing of Kathy and Judy to file a guardianship application or to contest Ellen's guardianship application. *Id.* Ellen also filed a motion to strike Kathy and Judy's pleadings because they had not posted security for costs as ordered by the probate court. *Id.* Following an evidentiary hearing, the probate court granted Ellen's motion in limine and motion to strike Kathy and Judy's pleadings.[3] *Id.* at *7. In its August 2015 order granting Ellen's motion in limine, the probate court found

---

[3]At the hearing, Kathy stated that she did not intend to pay the $20,000 security for costs. *Id.* at *6.

that Kathy and Judy were "disqualified to serve and are unsuitable to serve as temporary and/or permanent guardian(s) of the person or estate of [May]." The probate court then ordered that Kathy and Judy could not:

(1) file an application to create a guardianship for the proposed ward or incapacitated person;

(2) contest the creation of a guardianship for the proposed ward or incapacitated person;

(3) contest the appointment of a person as a guardian of the proposed ward or incapacitated person; or

(4) contest an application for complete restoration of a ward's capacity or modification of a ward's guardian.

In its August 2015 order granting Ellen's motion to strike Kathy and Judy's pleadings, the probate court found that Kathy and Judy had failed to provide the security for costs required by the probate court's prior orders, and the probate court ordered "that the entirety of [Kathy] and [Judy's] pleadings in this case are STRICKEN[,] and [Kathy] and [Judy] may not be heard with regard to this guardianship case as to any application, complaint or opposition of any kind."

Also in August 2015—on the same date the probate court signed its orders granting Ellen's motion in limine and motion to strike—the probate court signed an order granting Ellen a protective order that allowed her "not [to] have to answer, defend or object to any discovery of any kind (or appear at any depositions) or answer or defend against any motions or pleadings filed by [Kathy] in this case." That same day, the probate court also signed an order granting Ellen's motion to compel

6

compliance with certain of the probate court's previous orders relating to telephone communications and visitations with May.

The guardianship case proceeded to trial in November 2015, and at the conclusion of the trial, the probate court found by clear and convincing evidence that May was totally incapacitated and totally incapable of maintaining her person and finances and that it was in her best interest to appoint a permanent guardian of the person. The probate court appointed Ellen as May's permanent guardian of the person and signed a final judgment.

## B. Kathy's Direct Appeal from the Initial Guardianship Proceeding

Kathy brought a direct appeal challenging certain of the probate court's orders in the initial guardianship proceeding. Judy did not file a direct appeal. In Kathy's notice of appeal from the initial guardianship proceeding, Kathy stated that she was challenging (1) the probate court's August 2015 order granting Ellen's motion to strike Kathy's pleadings, (2) the probate court's August 2015 order granting Ellen's motion in limine, and (3) the probate court's November 2015 final judgment. In her brief in that appeal, Kathy raised four points: (1) that the order granting Ellen's motion in limine was not full, final, and appealable; (2) that there was insufficient evidence to find that Kathy was disqualified and unsuitable to serve as May's guardian; (3) that the probate court had erred by granting Ellen's motion to strike pleadings; and (4) that the probate court had erred by denying a motion to sever that Kathy had filed

7

requesting that the probate court's rulings on the motion in limine and motion to strike be severed from the case.

In our opinion disposing of Kathy's appeal, we affirmed the probate court's judgment. *Jones I*, 2016 WL 4474353, at *11. We overruled Kathy's second point, concluding that the probate court had factually sufficient evidence to make its ruling that Kathy was disqualified and unsuitable to serve as May's guardian, and holding that the probate court did not abuse its discretion when it disqualified Kathy. *Id.* at *9. We also overruled Kathy's third point, holding that the probate court did not abuse its discretion by striking Kathy's pleadings. *Id.* at *8, 11. We declined to reach Kathy's first and fourth points, noting that they were not dispositive to her appeal. *Id.* at *1.

Our opinion and judgment concerning Kathy's direct appeal were signed in August 2016. Kathy did not seek further review of our opinion and judgment, and our mandate issued in November 2016.[4]

---

[4]"A mandate is an appellate court's formal command requiring the lower court to comply with the appellate court's judgment." *Scott Pelley P.C. v. Wynne*, 578 S.W.3d 694, 699 (Tex. App.—Dallas 2019, no pet.). "The trial court . . . has no authority to take any action that is inconsistent with or beyond what is necessary to give full effect to the appellate court's judgment and mandate." *Id.* "[T]he appellate court's judgment is final, 'not only in reference to the matters actually litigated, but as to all other matters that the parties might have litigated and had decided in the cause.'" *Id.* (quoting *Martin v. Credit Prot. Ass'n, Inc.*, 824 S.W.2d 254, 257 (Tex. App.—Dallas 1992, writ dism'd w.o.j.)).

8

**C.    Kathy and Judy's Petition for Bill of Review Attacking the Initial Guardianship Proceeding**

In July 2017, Kathy and Judy filed a petition for an equitable and statutory bill of review.  In their petition, Kathy and Judy challenged the probate court's (1) August 2015 order granting Ellen's motion to strike their pleadings, (2) August 2015 protective order granted to Ellen, (3) August 2015 order to compel compliance with the probate court's previous orders concerning communications and visitations with May, (4) August 2015 order granting Ellen's motion in limine, and (5) November 2015 final judgment appointing Ellen as permanent guardian.

In October 2017, Ellen and Patricia filed a motion to dismiss Kathy and Judy's petition for bill of review.  In their motion, Ellen and Patricia argued, among other things, that Kathy and Judy should be dismissed because (1) their complaints were barred by the law of the case, (2) they lacked standing to bring their bill of review because they had been disqualified from serving as May's guardians, and (3) their complaints were barred by res judicata and collateral estoppel.  Ellen and Patricia also requested sanctions against Kathy and Judy, along with sanctions against Kathy and Judy's counsel, Candace Schwager, citing Rule of Civil Procedure 13 and Civil Practice and Remedies Code Section 10.001 as providing the authority for the sanctions.  *See* Tex. R. Civ. P. 13; Tex. Civ. Prac. & Rem. Code Ann. § 10.001.

In February 2018, Kathy and Judy filed an emergency application for temporary restraining order, requesting that Ellen be immediately removed as May's

9

guardian. Ellen then filed a motion to compel compliance with certain of the probate court's previous orders, including the order granting Ellen's motion in limine. Kathy and Judy's emergency motion and Ellen's motion to compel were both set for hearing on March 7, 2018, at 1:30 p.m. In the days leading up to the hearing, Schwager attempted to cancel the hearing, going as far as filing a motion to quash the hearing. Those attempts were unsuccessful, and around 1:30 p.m. on the day of the hearing, Schwager filed a motion to disqualify or recuse the probate judge. Ellen and Patricia filed a response and sought sanctions against Kathy, Judy, and Schwager for filing the motion, arguing that it was groundless; that Kathy, Judy, and Schwager had filed it in bad faith or for the purpose of harassment; and that it had been filed for unnecessary delay and without sufficient cause. The disqualification and recusal motion was referred to another judge, who denied it and signed an order imposing sanctions against Kathy, Judy, and Schwager for filing it. Kathy, Judy, and Schwager were ordered, jointly and severally, to pay $875 to May's guardian ad litem, Virginia Hammerle, and they were ordered, jointly and severally, to pay $8,400 to Ellen and Patricia's counsel.

In July 2018, Hammerle filed a motion to dismiss Kathy and Judy's bill of review. In her motion, Hammerle incorporated and adopted the grounds presented by Ellen and Patricia in their motion to dismiss, and Hammerle argued, among other things, that Kathy and Judy lacked standing to file their petition for bill of review and that Kathy and Judy's petition was barred by res judicata, collateral estoppel, and the

10

law of the case. In October 2018, Hammerle filed another motion to dismiss Kathy and Judy's petition for bill of review, arguing that the probate court lacked subject-matter jurisdiction over Kathy and Judy's petition and claiming that Kathy and Judy's petition was an impermissible attack on our judgment and mandate in *Jones I*.

The three motions to dismiss—the one filed by Ellen and Patricia and the two filed by Hammerle—were set for hearing in April 2019, as was Ellen and Patricia's motion for sanctions that was included with their motion to dismiss. A week before the hearing, Kathy filed an unverified motion for continuance, mentioning that she and Judy had terminated Schwager's services a few days prior to the filing and requesting a continuance for both Kathy and Judy so that they could find new counsel.

At the hearing, Kathy and Judy both stated that they did not object to the probate court allowing Schwager to withdraw as their counsel, and the probate court signed an order allowing Schwager to withdraw. The hearing proceeded with Kathy and Judy both stating that they understood that they were appearing pro se. The probate court then considered Kathy's motion for continuance. Ellen and Patricia's counsel objected to the motion for continuance to the extent that Kathy was attempting to file the motion on behalf of Judy. The probate court sustained that objection, and after hearing argument relating to the motion for continuance, the probate court denied the motion. The probate court signed a written order denying the motion.

11

The probate court then took judicial notice of the initial guardianship proceeding, Kathy's appeal from the initial guardianship proceeding, and the ancillary guardianship proceeding involving Kathy and Judy's petition for bill of review. After hearing argument relating to the three motions to dismiss, the probate court granted all three motions. The probate court then heard evidence and argument relating to Ellen and Patricia's motion for sanctions. Both Kathy and Judy testified that they had authorized Schwager to file their petition for bill of review. The probate court granted Ellen and Patricia's motion for sanctions, referencing that it was granting the sanctions under Rule 13.

Following the hearing, the probate court signed an order granting the three motions to dismiss and Ellen and Patricia's motion for sanctions. In that order, the probate court reaffirmed the previous sanctions award that had been granted in June 2018 by the judge who had denied the disqualification and recusal motion. The probate court also awarded additional sanctions, jointly and severally, against Kathy, Judy, and Schwager[5] in the amount of $14,000 to Hammerle as guardian ad litem and $20,020 to Ellen and Patricia's counsel.

The probate court later signed findings of fact and conclusions of law. Among other findings and conclusions, the probate court found and concluded that:

_____

[5]Schwager has not appealed the probate court's sanctions award against her.

12

- Kathy and Judy's elimination from the initial guardianship proceeding was law of the case, and it was law of the case at the time of the filing of the petition for bill of review;

- the claims in the petition for bill of review were specious under the facts and the law of the case, and they "should have been raised at the trial level or on appeal of the main case, and thus, could not as a matter of law form the basis for a Bill of Review";

- the probate court lacked subject-matter jurisdiction over the petition for bill of review because the petition was an attack on our judgment and mandate in *Jones I*;

- the pleadings and actions of Kathy, Judy, and Schwager arising out of the petition for bill of review "have been entirely groundless, in bad faith[,] and for the purpose of harassment";

- the pleadings in the bill of review proceeding were "intended to annoy, alarm, and abuse" Ellen and Patricia, and there "was no basis in law or fact for the pleadings, and . . . the pleadings were not warranted by good[-]faith argument for the extension, modification or reversal of existing law";

- the pleadings and resulting actions of Kathy, Judy, and Schwager "were done for improper purposes," including the harassment of Ellen and Patricia and were an "attemp[t] to circumvent and ignore the [probate court's] prior final orders in the [initial guardianship proceeding], and generally to hold [the probate court's] final orders and the final orders of the Court of Appeals in contempt";

- the filing of the petition for bill of review by Kathy, Judy, and Schwager violated Rule 13;

- there was good cause for the imposition of sanctions pursuant to Rule 13 against Kathy, Judy, and Schwager; and

- Kathy, Judy, and Schwager were all equally at fault for the filing of the petition for bill of review and all actions in that proceeding.

13

This appeal followed.

## III. DISCUSSION

## A. The Probate Court's Dismissal of Kathy and Judy's Statutory Bill of Review

In their first issue, Kathy and Judy argue that the probate court erred by dismissing their statutory bill of review.

### 1. The Law Regarding Statutory Bills of Review

A bill of review is a separate, independent suit to set aside a judgment that is no longer subject to a motion for new trial or appealable. *Woods v. Kenner*, 501 S.W.3d 185, 190 (Tex. App.—Houston [1st Dist.] 2016, no pet.); *Mandel v. Lewisville Indep. Sch. Dist.*, 499 S.W.3d 65, 70 (Tex. App.—Fort Worth 2016, pet. denied). There are two types of bills of review: equitable and statutory. *Woods*, 501 S.W.3d at 191. Here, Kathy and Judy do not complain about the probate court's ruling with respect to their equitable bill of review. Thus, we will focus our discussion on their statutory bill of review.

Section 1056.101(a) of the Estates Code provides that "[a]n interested person . . . may, by a bill of review filed in the court in which the guardianship proceeding was held, have an order or judgment rendered by the court revised and corrected on a showing of error in the order or judgment." Tex. Est. Code Ann. § 1056.101(a). Except as otherwise provided by the statute, "a bill of review to revise and correct an order or judgment may not be filed more than two years after the date

14

of the order or judgment. *Id.* § 1056.101(b).[6] The purpose of a statutory bill of review is "to revise and correct errors, not merely to set aside decisions, orders, or judgments rendered by the probate court." *Nadolney v. Taub*, 116 S.W.3d 273, 278 (Tex. App.—Houston [14th Dist.] 2003, pet. denied).

## 2. The Law of the Case Doctrine

One of the grounds for dismissal before the probate court was that the law of the case doctrine required dismissal of Kathy and Judy's petition for bill of review. The law of the case doctrine requires that questions of law decided on appeal to a court of last resort govern the case throughout its subsequent stages. *S. Place SNF, LP v. Hudson*, No. 12-21-00150-CV, 2022 WL 709284, at *2 (Tex. App.—Tyler Mar. 9, 2022, pet. denied) (mem. op.); *Shiloh Treatment Ctr., Inc. v. Ward*, 608 S.W.3d 337, 341 (Tex. App.—Houston [1st Dist.] 2020, pet. denied). The doctrine "can apply even when the appeal does not reach the court of last resort[.]" *Shiloh Treatment Ctr.*, 608 S.W.3d at 341. Indeed, "[w]here a losing party fails to avail itself of an appeal in the court of last resort, but allows the case to be remanded for further proceedings, the points decided by the court of appeals will be regarded as the law of the case and

---

[6]Section 55.251 of the Estates Code has a similar provision authorizing a statutory bill of review in a probate proceeding. *See* Tex. Est. Code Ann. § 55.251. That statute provides that "[a]n interested person may, by a bill of review filed in the court in which the probate proceedings were held, have an order or judgment rendered by the court revised and corrected on a showing of error in the order or judgment, as applicable." *Id.* § 55.251(a). A bill of review under this statute "may not be filed more than two years after the date of the order or judgment, as applicable." *Id.* § 55.251(b).

15

will not be re-examined." *City of Hous. v. Precast Structures, Inc.*, 60 S.W.3d 331, 338 (Tex. App.—Houston [14th Dist.] 2001, pet. denied) (op. on reh'g).

"[A] reviewing court may apply the law of the case doctrine in a subsequent proceeding if the facts in the later proceeding are 'so nearly the same [as the earlier proceeding] that they do not materially affect the legal issues involved in the later proceeding.'" *In re B.G.D.*, 351 S.W.3d 131, 141 (Tex. App.—Fort Worth 2011, no pet.) (quoting *Lawrence v. City of Wichita Falls*, 122 S.W.3d 322, 326 (Tex. App.—Fort Worth 2003, pet. denied)). The doctrine applies "only to the same or substantially similar issues on appeal as those involved in the first trial." *Lee v. Lee*, 44 S.W.3d 151, 154 (Tex. App.—Houston [1st Dist.] 2001, pet. denied).

Application of the law of the case doctrine "is flexible, left to the discretion of the court, and determined according to the particular circumstances of the case." *Shiloh Treatment Ctr.*, 608 S.W.3d at 341. "The doctrine is intended to achieve uniformity of decisions and judicial economy and efficiency by narrowing the issues in successive stages of the litigation," with the doctrine being "aimed at putting an end to litigation." *Id.* at 341–42. A party may raise the law of the case doctrine in a motion to dismiss. *See, e.g.*, *In re Benavides*, 605 S.W.3d 234, 238 (Tex. App.—San Antonio 2020, pet. denied) (examining law of the case doctrine asserted in support of motion to dismiss); *Lewis v. Guerrero*, 978 S.W.2d 689, 695 (Tex. App.—Corpus Christi–Edinburg 1998, no pet.) (same).

16

### 3. Analysis

The parties have pointed us to two cases where a petitioner's statutory bill of review intersected with that petitioner's prior direct appeal, referring us to *Smalley v. Smalley*, 436 S.W.3d 801 (Tex. App.—Houston [14th Dist.] 2014, no pet.) and *Estate of Tillotson*, No. 06-21-00073-CV, 2022 WL 1414509 (Tex. App.—Texarkana May 5, 2022, pet. filed).

In *Smalley*, the probate court granted summary judgment to an executor of an estate on the executor's claim that the decedent's ex-wife had been wrongfully distributed certain funds from a Thrift Savings Plan. 436 S.W.3d at 804. The ex-wife appealed the grant of summary judgment, and the Fourteenth Court of Appeals issued its opinion affirming the probate court's judgment. *Id.* The ex-wife did not file a petition for review in the Texas Supreme Court, and the Fourteenth Court of Appeals' mandate issued. *Id.* at 805. The ex-wife later filed a statutory bill of review, requesting that the probate court enjoin enforcement of the mandate and revise the appellate court's judgment due to the subsequent issuance of a purportedly controlling U.S. Supreme Court decision. *Id.* The executor filed a motion to dismiss the petition for lack of jurisdiction, and the probate court granted the motion to dismiss. *Id.* Following dismissal, the ex-wife appealed. *See id.*

On appeal, the Fourteenth Court of Appeals held that the statutory bill of review assailed its earlier opinion, judgment, and mandate, and it concluded that the ex-wife improperly sought to set aside its earlier opinion, judgment, and mandate

17

through the statutory bill of review. *Id.* at 808. The appellate court noted that the statute authorizing the bill of review "did not grant the probate court jurisdiction to set aside our judgment or disobey our mandate." *Id.* Accordingly, the appellate court affirmed the probate court's dismissal of the ex-wife's petition for bill of review. *Id.*

In *Tillotson*, a widower objected to the inventory, appraisement, and list of claims filed by the executor of his wife's estate. 2022 WL 1414509, at *1. His complaints were ultimately the subject of an appeal before the Dallas Court of Appeals, which held that the executor's inventory properly included certain IRAs that the widower argued should have been excluded. *Id.* at *1, 4. Following that appeal, the executor filed a second inventory and obtained a turnover order requiring the IRAs to be turned over to the estate. *Id.* at *2. The widower appealed the turnover order to the Dallas Court of Appeals, which affirmed the inclusion of the IRAs in the turnover order. *Id.* at *2, 4.

The widower later filed a statutory bill of review, attacking the inclusion of the IRAs in the turnover order. *Id.* at *2. The probate court denied the widower's statutory bill of review, and the widower appealed to the Texarkana[7] Court of Appeals. *Id.* at *3. On appeal, the Texarkana Court of Appeals rejected the widower's

---

[7]The subject appeals in *Tillotson* were brought from Hunt County, over which both the Texarkana and Dallas Courts of Appeals have jurisdiction. *See Meletio v. Myre*, No. 06-08-00051-CV, 2010 WL 4071378, at *1 (Tex. App.—Texarkana Oct. 19, 2010, no pet.) (mem. op.) (noting that both the Texarkana and Dallas Courts of Appeals have jurisdiction over appeals from Hunt County).

18

complaint that the turnover order included the IRAs, noting that "the Dallas Court [of Appeals] affirmed the Turnover Order with respect to those items, and its opinion became the law of the case." *Id.* at *3. The court further noted that prior to its denial of the widower's bill of review, the Dallas Court of Appeals "had already decided most of the issues raised in the bill of review." *Id.* at *6. "As a result, the [probate] court did not err in overruling the bill of review to the extent that it attacked matters that were raised or could have been raised in the Dallas Court [of Appeals]." *Id.* Accordingly, the Texarkana Court of Appeals "decline[d] to revisit the issue," and it affirmed the probate court's denial of the widower's bill of review. *Id.* at *1, 4.

Like the ex-wife in *Smalley* and the widower in *Tillotson*, here, Kathy and Judy are attempting to set aside our earlier opinion, judgment, and mandate through their statutory bill of review—essentially, they are seeking a second bite at the apple. In this regard, through their statutory bill of review, they are complaining about the probate court's order granting Ellen's motion to strike their pleadings, the probate court's order granting Ellen's motion in limine, and the probate court's final judgment appointing Ellen as permanent guardian. Those issues were already the subject of Kathy's direct appeal. Indeed, in our opinion, we held that the probate court did not abuse its discretion by striking Kathy's pleadings, we held that the probate court did not abuse its discretion when it disqualified Kathy, and we affirmed the probate court's judgment appointing Ellen as May's permanent guardian. *Jones I*, 2016 WL 4474353, at *8–9, 11. We reject Kathy and Judy's attempt to revisit those issues.

19

*See Tillotson*, 2022 WL 1414509, at *4 ("declin[ing] to revisit" issue that had already been affirmed by Dallas Court of Appeals); *Smalley*, 436 S.W.3d at 809 (affirming dismissal of petition for bill of review where petition challenged Fourteenth Court of Appeals' opinion, judgment, and mandate).

In their brief, Kathy and Judy point out that their petition for bill of review also attacks the probate court's August 2015 protective order granted to Ellen and August 2015 order to compel compliance with the probate court's previous orders concerning communications and visitations with May—two orders that were not part of Kathy's direct appeal. According to Kathy and Judy, the fact that these orders were not part of Kathy's direct appeal means that they may challenge these orders through their statutory bill of review. We disagree. Those orders, which were signed the same day as the orders granting Ellen's motion in limine and motion to strike Kathy and Judy's pleadings, could have been challenged through Kathy's direct appeal, but Kathy declined to do so. Because those orders could have been challenged through Kathy's direct appeal, they cannot now be raised through Kathy and Judy's petition for bill of review. *See Tillotson*, 2022 WL 1414509, at *6 ("As a result, the [probate] court did not err in overruling the bill of review to the extent that it attacked matters that were raised or could have been raised in the Dallas Court [of Appeals]."); *Scott Pelley P.C.*, 578 S.W.3d at 699 ("[T]he appellate court's judgment is final, not only in reference to the matters actually litigated, but as to all other matters that the parties might have litigated and had decided in the cause.") (internal quotations omitted).

20

In their brief, Kathy and Judy also argue that Kathy's direct appeal should have no bearing on Judy's ability to bring her statutory bill of review. But just as the orders that Kathy chose not to appeal became final when she declined to appeal them to our court in the direct appeal, the orders that Judy chose not to appeal became final as to her when she declined to bring a direct appeal. And the orders that Judy seeks to void through her petition for bill of review are all orders that she could have challenged by way of direct appeal. The probate court did not err by dismissing that challenge. *See Nadolney*, 116 S.W.3d at 278 (noting that the purpose of a statutory bill of review is "to revise and correct errors, not merely to set aside decisions, orders, or judgments rendered by the probate court").

Moreover, in its August 2015 order granting Ellen's motion to strike Kathy and Judy's pleadings, the probate court found that Kathy and Judy had failed to provide security for costs and it ordered "that the entirety of [Kathy] and [Judy's] pleadings in this case are STRICKEN[,] and [Kathy] and [Judy] may not be heard with regard to this guardianship case as to any application, complaint or opposition of any kind." There is nothing in the record to indicate that Kathy and Judy ever subsequently posted the required security for costs; indeed, during oral argument in this appeal, Kathy and Judy's counsel admitted that Kathy and Judy have never posted security for costs. The probate court was thus free to dismiss Kathy and Judy's petition for bill of review because said petition was an attempt to "be heard with regard to the guardianship case," and Kathy and Judy were prohibited from "any application,

21

complaint or opposition of any kind" regarding the guardianship case. *See* Tex. R. Civ. P. 143 (providing for dismissal of claim for affirmative relief for failure to comply with an order to give security for costs); *Clanton v. Clark*, 639 S.W.2d 929, 931 (Tex. 1982) (holding that probate court did not abuse its discretion by dismissing a will contest for contestants' failure to file security for costs that had been ordered by the probate court).

We overrule Kathy and Judy's first issue.[8]

## B. The Probate Court's Sanctions Award

In their third issue, Kathy and Judy argue that the probate court's sanctions award, apart from being based on Rule 13, was also improperly based in part on the unpled and unnoticed ground of the probate court's inherent power to sanction. In their fourth issue, Kathy and Judy argue that the probate court's sanctions award should be vacated and set aside.

### 1. Standard of Review

We review a sanctions award, including an award made pursuant to Rule 13, for an abuse of discretion. *Nath v. Tex. Children's Hosp.*, 446 S.W.3d 355, 361 (Tex. 2014); *see* Tex. R. Civ. P. 13. A sanctions award will not withstand appellate scrutiny if the

---

[8]In their second issue, Kathy and Judy argue that their statutory bill of review should not have been dismissed based on the probate court's prior finding that they were disqualified to serve as guardians of May's person or estate. We need not reach this issue because we have already determined that the probate court did not err by dismissing Kathy and Judy's statutory bill of review based on other grounds. *See* Tex. R. App. P. 47.1.

22

trial court acted without reference to guiding rules and principles to such an extent that its ruling was arbitrary or unreasonable. *Nath*, 446 S.W.3d at 361. A sanctions award that fails to comply with due process constitutes an abuse of discretion because a trial court has no discretion in determining what the law is or in applying the law to the facts. *Id.* But a trial court does not abuse its discretion by awarding sanctions if some evidence supports its decision. *Id.*

A sanctions award "will be upheld 'on any applicable theory that finds support in the record.'" *Smale v. Thurman*, No. 12-20-00202-CV, 2021 WL 5115353, at *2 (Tex. App.—Tyler Nov. 3, 2021, no pet.) (mem. op.) (quoting *Bradt v. Sebek*, 14 S.W.3d 756, 764 (Tex. App.—Houston [1st Dist.] 2000, pet. denied) and *N.Y. Underwriters Ins. Co. v. St. Farm Mut. Auto. Ins. Co.*, 856 S.W.2d 194, 205 (Tex. App.—Dallas 1993, no writ)). To determine whether any applicable theory finds support in the record, we must consider the theories under which sanctions were sought. *Id.*

### 2. Relevant Law Regarding Rule 13 Sanctions

Rule 13 authorizes a trial court to impose sanctions if an attorney or party has filed pleadings that are groundless and were either brought in bad faith or to harass. *See* Tex. R. Civ. P. 13; *Nath*, 446 S.W.3d at 362–64. "'Groundless' . . . means no basis in law or fact and not warranted by good faith argument for the extension, modification, or reversal of existing law." Tex. R. Civ. P. 13. But Rule 13 does not permit sanctions on groundlessness alone; the pleading must also be brought in bad faith or to harass. *Id.*; *Nath*, 446 S.W.3d at 369. "Bad faith" is not just bad judgment

23

or negligence but means "the conscious doing of a wrong for dishonest, discriminatory, or malicious purposes," and "harassment" means that "the pleading was intended to annoy, alarm, and abuse another person." *Callaway v. Martin*, No. 02-16-00181-CV, 2017 WL 2290160, at *9–10 (Tex. App.—Fort Worth May 25, 2017, no pet.) (mem. op.). In determining whether Rule 13 sanctions are warranted, a court may consider the case's entire history. *Id.* at *10.

### 3. Analysis

Here, Kathy and Judy argue that the probate court's sanctions award violated their due-process rights because it was based in part on "the un-pled and un-noticed ground of the [probate] court's inherent power to sanction[.]" Kathy and Judy point out that one of the probate court's conclusions of law referenced that sanctions were appropriate under the probate court's inherent powers and that they were never given any notice that any sanction was sought under the probate court's inherent power to sanction. But because a sanctions award will be upheld under any applicable theory that finds support in the record, we need not invalidate any sanctions award under the probate court's inherent power to sanction to the extent that the award was also supported by another applicable theory. *See Smale*, 2021 WL 5115353, at *2. And, here, the probate court indicated at trial and in its findings and conclusions that the sanctions awarded were appropriate under Rule 13, and Kathy and Judy had notice that Ellen and Patricia were seeking sanctions under Rule 13.

24

With respect to Rule 13 sanctions, Kathy and Judy argue that the sanctions awarded should be vacated because their petition for bill of review was not groundless. We disagree. As noted in our discussion of Kathy and Judy's first issue, their petition for bill of review constituted an attack on our prior opinion, judgment, and mandate. Several of the orders that Kathy and Judy seek to void through their petition for bill of review are orders that we specifically addressed in Kathy's prior appeal—the August 2015 order granting Ellen's motion to strike Kathy and Judy's pleadings, the August 2015 order granting Ellen's motion in limine, and the probate court's November 2015 final judgment. *See Jones I*, 2016 WL 4474353, at *8, 11. And the other orders that Kathy and Judy seek to void through their petition for bill of review—the August 2015 protective order granted to Ellen and the August 2015 order to compel compliance with the probate court's previous orders concerning communications and visitations with May—are orders that became final when Kathy and Judy chose not to appeal them. In considering the case's entire history, including consideration of the trial court's order stating that Kathy and Judy were not to be heard "with regard to this guardianship case as to any application, complaint or opposition of any kind," we cannot say that the trial court abused its discretion by awarding sanctions under Rule 13.[9]

---

[9]We note that both Kathy and Judy testified that they had authorized Schwager to file their petition for bill of review.

25

We overrule Kathy and Judy's third and fourth issues.[10]

## C. The Probate Court's Denial of Kathy's Motion for Continuance

In their fifth issue, Kathy and Judy argue that the probate court abused its discretion by denying Kathy's motion for continuance. They contend that the denial of Kathy's motion for continuance violated both of their rights to due process.

### 1. Analysis as to Judy

To preserve a complaint for appellate review, a party must present to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling, if not apparent from the request's, objection's, or motion's context. Tex. R. App. P. 33.1(a)(1)(A). If a party fails to do this, error is not preserved. *Bushell v. Dean*, 803 S.W.2d 711, 712 (Tex. 1991) (op. on reh'g).

Here, the motion for continuance that is the subject of Kathy and Judy's fifth issue was signed by Kathy but not by Judy. While the motion sought relief on both Kathy's and Judy's behalf, Kathy could only represent herself pro se and lacked the

---

[10]To the extent that Kathy and Judy complain about the portion of the sanctions award where the probate court reaffirmed the previous sanctions award that had been granted in June 2018 by the judge who had denied the disqualification and recusal motion, we note that those sanctions had been sought and awarded under Section 25.00255 of the Texas Government Code. *See* Tex. Gov't Code Ann. § 25.00255. That Section authorizes an award of sanctions where a party files a motion for the recusal or disqualification of a judge "solely to delay the case and without sufficient cause." *Id.* § 25.00255(k). Kathy and Judy make no argument as to how the judge's award under Section 25.00255(k) constituted an abuse of discretion, and we find none, noting that the motion to disqualify or recuse was filed around 1:30 p.m. on March 7, 2018, the same time that a hearing that Kathy and Judy's counsel had tried to quash was about to go forward.

26

ability to litigate Judy's rights in a representative capacity. *See* Tex. R. Civ. P. 7 ("Any party to a suit may appear and prosecute or defend *his rights* therein, either in person or by an attorney of the court.") (emphasis added); *Funmilayo v. Aresco, LP*, No. 05-20-00492-CV, 2021 WL 5578019, at *4 (Tex. App.—Dallas Nov. 30, 2021, no pet.) (mem. op.) ("[A] person can only represent himself pro se and cannot litigate rights in a representative capacity."). Thus, Judy did not present to the probate court any complaint regarding Kathy's motion for continuance. Because Judy failed to present this complaint to the probate court, we conclude that she has not preserved it for our review. *See* Tex. R. App. P. 33.1(a)(1)(A); *Bushell*, 803 S.W.2d at 712. We thus overrule Kathy and Judy's fifth issue with respect to Judy.[11]

## 2. Analysis as to Kathy

We review a trial court's ruling on a motion for continuance for an abuse of discretion. *D.R. Horton–Texas, Ltd. v. Savannah Props. Assocs., L.P.*, 416 S.W.3d 217, 222 (Tex. App.—Fort Worth 2013, no pet.). If a party's motion for continuance is not verified or supported by affidavit, we will presume the trial court did not abuse its discretion by denying the motion. *In re I.B.*, No. 02-21-00358-CV, 2022 WL 1257133, at *3 (Tex. App.—Fort Worth Apr. 28, 2022, no pet.) (mem. op.); *Hardwick v. Hardwick*, No. 02-15-00325-CV, 2016 WL 5442772, at *1 (Tex. App.—Fort Worth

---

[11]Even if Judy had somehow preserved her complaint with respect to the probate court's denial of Kathy's motion for continuance, we would overrule Judy's complaint on appeal because, as noted in the discussion that follows, Kathy's motion for continuance was not verified or supported by affidavit.

Sept. 29, 2016, no pet.) (mem. op.). Here, Kathy's motion for continuance was not verified or supported by affidavit. Accordingly, we presume that the probate court did not abuse its discretion by denying it. *See I.B.*, 2022 WL 1257133, at *3; *Hardwick*, 2016 WL 5442772, at *1. We thus overrule Kathy and Judy's fifth issue with respect to Kathy.

## D. Kathy and Judy's Complaint Regarding the Probate Court's Findings of Fact and Conclusions of Law

In the "Issues Presented" section of their brief, Kathy and Judy reference a sixth issue, complaining that "[t]he [probate] court's findings of fact and conclusion[s] of law . . . are not supported by the law or the facts[.]" However, Kathy and Judy did not include a discussion of this issue in the body of their brief. By failing to properly brief the issue presented, Kathy and Judy have presented nothing for our review with respect to this issue because we cannot speculate as to the arguments that they could have brought or attempt to formulate an argument on their behalf. *See Jacaman v. Nationstar Mortg., LLC*, No. 04-17-00048-CV, 2018 WL 842975, at *1 n.1 (Tex. App.—San Antonio Feb. 14, 2018, no pet.) (mem. op.) (holding that appellant waived issue presented in his "Issues Presented for Review" section of brief where body of brief did not contain discussion of issue); *Crawford Fam. Farm P'ship v. TransCanada Keystone Pipeline, L.P.*, 409 S.W.3d 908, 922 n.25 (Tex. App.—Texarkana 2013, pet. denied) ("Issues raised on appeal, but not briefed, are waived."). We thus overrule Kathy and Judy's sixth issue.

## IV. CONCLUSION

Having overruled Kathy and Judy's dispositive issues, we affirm the probate court's judgment.

/s/ Dana Womack

Dana Womack
Justice

Delivered:  August 18, 2022